POWER v. ARNOLD ENGINEERING CO. et al.

(Supreme Court, Appellate Division, First Department. January 6, 1911.)

MASTER AND SERVANT (§ 302*)—TORTS OF SERVANT—RESPONDEAT SUPERIOR.

In an action for negligence against the owner of an automobile, where the evidence showed that the machine was being operated by an employé of the defendant on a pleasure trip of his own, not connected with the defendant's business, the defendant was not liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1229; Dec. Dig. § 302.*]

Appeal from Trial Term, New York County.

Action by Robert Power against the Arnold Engineering Company and another. From a judgment for plaintiff, defendant Engineering Company appeals. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Arthur I. Strang, for appellant.
J. S. Lehmair, for respondent.

DOWLING, J. The plaintiff seeks to recover for injuries sustained by him by reason of the negligence of the defendant's agent and servant in the conduct of an automobile, which came into collision with

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a phaëton in which the plaintiff was riding along a public highway in the borough of Brooklyn on July 25, 1907.

Upon the trial it developed that the defendant was engaged in business, at the time of the occurrence in question, in surveying land at Ossining and Briarcliff, in this state, and that the automobile which collided with plaintiff's phaëton was used by defendant in carrying surveyors and helpers to and from their employment on defendant's business in these two localities; that defendant had no business of any kind on Long Island at that time, and that the trip which was then being taken by the occupants of such automobile was a pleasure trip, and was not one which had any connection whatever with the business of the defendant corporation. It was proven that the automobile in question was driven by one Bing, the secretary and treasurer of the defendant corporation, and that accompanying him was the niece of its president, while the president himself, with his wife and a clergyman, occupied the second car. Both parties were on their way to Rockaway Beach or Far Rockaway. This was established, not only by the testimony of defendant's president, but by that of his wife and of his guest.

The case as submitted to the jury is devoid of any suggestion contradicting defendant's witnesses; nor is it even indicated upon what the contention may be based that the automobile, at the time of the accident, was being used about the business of the defendant. The verdict in favor of plaintiff was against the weight of evidence, and the judgment and order must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.