[Civ. No. 2860.    First Appellate District, Division One.—May 29,
1919.]

## J. L. MAUPIN, Respondent, v. B. SOLOMON, Defendant; M. A. GUNST & CO., INC. (a Corporation), Appellant.

[1] NEGLIGENCE—DESTRUCTION OF AUTOMOBILE IN COLLISION—OPERA-
TION OF AUTOMOBILE BY EMPLOYEE—SCOPE OF EMPLOYMENT—
INFERENCE—REBUTTAL.—In an action for damages for the destruc-
tion of an automobile through the negligence of an employee of
the defendant employer, proof that the automobile belonged to the
employer and was being operated by its employee at the time of
the accident, raises an inference that such employee was acting
within the scope of his employment, but such inference is over-
come and dispelled by proof of facts to the contrary.

[2] ID.—CONFLICT OF EVIDENCE—UNSUPPORTED FINDING.—Such infer-
ences are allowed to stand not against the facts they represent,
but only in lieu of proof of such facts, and where the facts are
proven to be contrary thereto, no conflict arises and a finding of
the jury in accordance with such inference cannot be supported
thereby.

APPEAL from a judgment of the Superior Court of
Fresno County. D. A. Cashin, Judge. Reversed.

The facts are stated in the opinion of the court.

Short & Sutherland and Carl E. Lindsay for Appellant.

Milton M. Dearing for Respondent.

KERRIGAN, J.—This is an appeal by the corporation
defendant from a judgment in favor of plaintiff in an
action for damages arising through the destruction of an
automobile belonging to plaintiff as a result of a collision

alleged to have been due to the negligence of the defendants.

At the time of the collision the defendant Solomon was in the employ of his codefendant, M. A. Gunst & Co., as a traveling salesman, with headquarters in the city of Fresno, and whose duties embraced the solicitation of customers for the purpose of selling the merchandise of his employer. To facilitate the discharge of that duty he was furnished by his employer with an automobile, which he was instructed to use only in the course of his employment. In the forenoon of February 22, 1917, being a public holiday, Solomon called on several customers, but in the afternoon he transacted no business, spending most of that time at the Elks Club. In the early part of the evening, in pursuit of his personal recreation, he took two of his friends for a ride in the aforesaid automobile, intending thereafter to dine in a public café in Fresno. During this ride, and while the automobile was being driven by Solomon at a high rate of speed in said city, it collided with plaintiff's car, which was standing near or alongside of a street sidewalk with its tail-light burning. Plaintiff's car was practically demolished by the force of the collision.

[1] It is not denied, as testified to by the witnesses introduced by appellant, and corroborated by the surrounding circumstances, that at the time of the accident Solomon was engaged in a pursuit wholly his own, and that such use of the automobile was without the consent of and against the instructions of the appellant. Nor is it disputed that the accident was the result of the negligence of Solomon. But plaintiff's contention in support of the judgment is that when he proved that the automobile belonged to the appellant and was being operated by its employee at the time of the collision, a presumption arose that the employee was acting within the scope of his employment, and that such presumption remained in the case in spite of the clear, positive, and uncontradicted evidence that Solomon was not so acting, and created a substantial conflict in the evidence, with the result that the action of the court in denying a motion for a new trial must be sustained upon appeal.

With this position we cannot agree. The inference relied upon by respondent cannot be indulged under the circum-

stances of this case. It must yield to the direct and unequivocal evidence rebutting such inference. "Presumptions," such as the one relied on here, "are allowed to stand not against the facts they represent but in lieu of proof of facts, and when the fact is proven contrary to the presumption, no conflict arises, but the presumption is simply overcome and dispelled." (*Savings & Loan Soc.* v. *Burnett,* 106 Cal. 514, [39 Pac. 922].) The authorities in this state abundantly support this view. (*Freese* v. *Hibernia etc. Soc.,* 139 Cal. 392, [73 Pac. 172]; *King* v. *Hercules Powder Co.,* 39 Cal. App. 223, [178 Pac. 531]; *Mullia* v. *Ye Planry Building Co.,* 32 Cal. App. 6, [161 Pac. 1008]; *Mauchle* v. *Panama Int. Exp. Co.,* 37 Cal. App. 715, [174 Pac. 400].)

The very recent case of *Brown* v. *Chevrolet Motor Co. of California,* 39 Cal. App. 738, [179 Pac. 697], in an essential respect is like this case. There a traveling salesman employed by the defendant borrowed its automobile for a pleasure excursion, and while so using it injured the plaintiff. There, as here, the plaintiff contended that he had made out a *prima facie* case when he had shown that the automobile belonged to the defendant, and that it was the province of the jury to weigh any evidence in conflict therewith; but the court held that a nonsuit had been properly granted, and, quoting from the case of *Matter of Carroll* v. *Knickerbocker Ice Co.,* 218 N. Y. 435, [Ann. Cas. 1918B, 540, 113 N. E. 507], said: "The presumption growing out of a *prima facie* case . . . remains only so long as there is no substantial evidence to the contrary. When that is offered the presumption disappears, and, unless met by further proof, there is nothing to justify a finding based solely on it."

[2] In the last analysis respondent's position is in effect that, granting the evidence introduced by appellant rebutting the presumption relied upon is convincing and uncontradicted, it merely creates a conflict in the evidence, and that a finding of the jury in accordance with the presumption is under those circumstances supported thereby. This we think is not the law.

The judgment is reversed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 28, 1919, and the following opinion then rendered thereon:

THE COURT.—In denying the petition for hearing in this court after decision by the district court of appeal of the first appellate district, division one, we desire to point out that respondent's *prima facie* case was based solely on an "inference," and not on any "presumption" declared by law. When we say that a certain inference is warranted by certain facts proved, we mean no more than that the jury is reasonably warranted in making that deduction from those facts. (Code Civ. Proc., sec. 1958.) In this case the direct uncontradicted evidence introduced in response to the *prima facie* case as to the circumstances under which the employee of appellant was driving appellant's automobile was of such a nature as to leave no reasonable ground for an inference based solely on the fact of appellant's ownership of the automobile and the further fact that the person driving was an employee of appellant, that the driver was acting within the scope of his employment at the time of the accident. The verdict, therefore, was contrary to the evidence, and this is all we understand the opinion of the district court of appeal to decide.

The application for a hearing in this court is denied.

All the Justices concurred.