[Civ. No. 2799.   First Appellate District, Division Two.—July 14, 1919.]

LAURENO MARTINELLI, a Minor, etc., Respondent, v.
   VINCENT  BOND  et  al.,  Defendants;  VINCENT
   BOND, Appellant.

[1] NEGLIGENCE — OWNERSHIP OF AUTOMOBILE — LIABILITY FOR TORTS
OF DRIVER.—The test of an owner's liability for the tortious act
of his employee, while driving the former's automobile, is the
nature of its use at the time of the accident. The very basis
of the rule of *respondeat superior*, as applied to automobile acci-
dents, is that the driver of the machine is acting for the owner
and not for himself personally at the time of the accident. As
soon as the driver steps aside from the owner's business and enters
upon the performance of some independent purpose of his own,
he ceases to act as the agent of the owner, and the latter's
responsibility for his acts terminates.

[2] ID.—USE BY DRIVER FOR PERSONAL PURPOSES.—The owner of an
automobile is relieved from liability for damages resulting from
accidents where at the time of the accident the automobile is in
use for a pleasure ride or other personal purpose of the driver.

[3] ID.—USE BY DRIVER UNDER ROVING COMMISSION.—Neither the
ownership of the automobile nor the fact that the use and care
of the same are intrusted by the owner entirely to the employee,
renders the owner liable for injuries inflicted by the automobile
while in use for a purpose entirely unconnected with the owner
or his business.

[4] ID.—SCOPE OF EMPLOYMENT—BURDEN OF PROOF.—While it is not
necessary to show that an employee who is intrusted with an
automobile, with permission to use it at his discretion in the
business of his employer, was engaged in any particular business
of the owner at the time the injuries were received in order to
establish the owner's liability, it is necessary to show that, at
the time of the commission of the tort, the employee was acting
within the general scope of his employment.

---

1. Liability of owner of automobile for acts of his chauffeur or
agent, notes, 10 Ann. Cas. 732; 12 Ann. Cas. 972; Ann. Cas. 1914C,
1087; Ann. Cas. 1916A, 659; Ann. Cas. 1917D, 1001.
   Liability of owner when car is being used by servant or another
for his own pleasure or business, notes, 1 L. R. A. (N. S.) 235; 9
L. R. A. (N. S.) 1033; 14 L. R. A. (N. S.) 216; 21 L. R. A. (N. S.)
93; 26 L. R. A. (N. S.) 382; 33 L. R. A. (N. S.) 79; 37 L. R. A.
(N. S.) 834; 47 L. R. A. (N. S.) 662, L. R. A. 1916A, 957.

[5] ID.—PRIMA FACIE CASE — OVERCOMING PRESUMPTION. — Where there is no conflict in the evidence as to the fact that, at the time of the accident, the automobile was in use by the employee for his personal pleasure, the presumption of liability of the defendant arising from the proof of his ownership of the automobile, and the fact that the driver was his employee, is overcome.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Reversed.

The facts are stated in the opinion of the court.

Watt, Miller, Thornton & Watt and Miller, Thornton, Miller & Watt for Appellant.

Hoefler, Cook & Snyder for Respondent.

HAVEN, J.—Plaintiff suffered personal injuries caused by a collision between a motorcycle which he was riding and an automobile driven by the defendant Noonan and owned by his employer, the defendant Bond. In this action, brought to recover damages for such injuries, a verdict was rendered in favor of plaintiff against both defendants. From the judgment following such verdict the defendants prosecute separate appeals. This appeal is by the defendant Bond.

The appellant contends, first, that any judgment against him was erroneous, for the reason that the automobile was being used at the time of the accident by the defendant Noonan for a pleasure trip, and was not then engaged in the transaction of his employer's business; and, secondly, that the evidence shows that the injuries complained of were caused solely by the negligence of plaintiff and not by or through any carelessness or negligence on the part of either defendant. Under the conclusions that have been reached, it will be necessary on this appeal to consider the first contention only.

The automobile which collided with plaintiff's motorcycle was purchased by the defendant Bond for use in the business transacted by him under the name of Bond Bros. & Co. The defendant Noonan was in the employ of the defendant Bond as manager of such business. The automobile when purchased was turned over by Bond to Noonan for

the latter's exclusive use, and was kept by him at a garage at or near his home, at the expense of the appellant Bond. Noonan never informed appellant where the automobile was kept, nor did the latter make any inquiry with regard thereto. The defendant Noonan had entire charge of the automobile, using it as he desired without restriction. Appellant testified that he had instructed Noonan that said automobile should not be used by him for pleasure purposes. Noonan stated that he did not remember such instructions. The collision which caused the injuries to plaintiff occurred on Sunday, December 23, 1917, between 6 and 7 o'clock in the evening, at or near the junction of San Jose Avenue and Mission Street, in San Francisco. Upon that day the defendant Noonan had taken two friends for a pleasure outing to Camp Fremont. He testified that the trip was made "for the purpose of taking an outing"; and that "when I was using it [the automobile] on this Sunday, when I was out for a ride, it was not being used for any purpose connected with the business of Mr. Bond." The appellant had no knowledge of the use of the automobile for the purpose stated upon the day of the accident, nor for several days thereafter.

[1] The test of an owner's liability for the tortious act of his employee, while driving the former's automobile, is the nature of its use at the time of the accident; whether or not it is then being used in the transaction of the owner's business. The very basis of the rule of *respondeat superior,* as applied to automobile accidents, is that the driver of the machine is acting for the owner and not for himself personally at the time of the accident. As soon as the driver steps aside from the owner's business and enters upon the performance of some independent purpose of his own, he ceases to act as the agent of the owner, and the latter's responsibility for his acts terminates. [2] Appellant cites a large number of cases in which owners of automobiles have been relieved from liability for damages resulting from accidents, by reason of the fact that, at the time of such accident, the automobile was in use for a pleasure ride or other personal purpose of the driver. This rule is so well established that there can hardly be said to be conflict of authority thereon. The citation of the following authorities is sufficient to indicate the basis of the rule and its wide ap-

plication: Thompson on Negligence, sec. 526; Berry on Automobiles, 2d ed., secs. 601, 618; Babbitt on the Law Applied to Motor Vehicles, 2d ed., secs. 872, 891; Davids on the Law of Motor Vehicles, sec. 216; *Mullia* v. *Ye Planry Bldg. Co.*, 32 Cal. App. 6, [161 Pac. 1008]; *Mauchle* v. *Panama-Pacific etc. Exp. Co.*, 37 Cal. App. 715, [174 Pac. 400]; *Brown* v. *Chevrolet Motor Co. of Cal.*, 39 Cal. App. 738, [179 Pac. 697]; *Maupin* v. *Solomon*, 41 Cal. App. 323, [183 Pac. 198]; *Power* v. *Arnold Engineering Co.*, 142 App. Div. 401, [126 N. Y. Supp. 839]; *Cunningham* v. *Castle*, 127 App. Div. 580, [111 N. Y. Supp. 1057]; *Morier* v. *St. Paul etc. Ry. Co.*, 31 Minn. 351, [47 Am. Rep. 793, 17 N. W. 952]; *Gousse* v. *Lowe*, 41 Cal. App. 715, [183 Pac. 295].

[3] Upon principle and authority, neither the ownership of the automobile by appellant, nor the fact that the use and care of the same were intrusted by appellant entirely to the defendant Noonan renders the appellant liable for injuries inflicted by the automobile while in use for a purpose entirely unconnected with the appellant or his business.

[4] Respondent relies upon cases which hold that when an employee is intrusted with an automobile, with permission to use it at his discretion in the business of the employer, under what has been termed a "roving commission," it is not necessary, in order to establish the owner's liability, to prove that, at the time the injuries were received, the employee was engaged in performing any particular business of the principal. The authorities so relied upon recognize that, even under that rule, it is still necessary to show that, at the time of the commission of the tort, the employee was acting within the general scope of his employment. (*Jessen* v. *Peterson, Nelson & Co.*, 18 Cal. App. 349, 354, [123 Pac. 219]; Berry on Automobiles, 2d ed., sec. 626.)

[5] It is further contended by respondent that he made a *prima facie* case against appellant by proof of the latter's ownership of the automobile, and the fact that the driver, Noonan, was his employee at the time of the accident. The presumption arising from such *prima facie* case remained only so long as there was no substantial evidence to the contrary. When the fact is proven to the contrary without contradiction, no conflict of evidence arises, but the presumption is simply overcome. (*Maupin* v. *Solomon, supra; Brown* v. *Chevrolet Motor Co. of Cal., supra.*) In this case

there is no conflict in the evidence as to the fact that, at the time of the accident, the automobile was in use by the employee for his personal pleasure. Uncontradicted proof of that fact dispelled the presumption of liability on the part of the owner.

The judgment against the appellant Bond is reversed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 11, 1919. (See *Maupin* v. *Solomon,* 41 Cal. App. 323, [183 Pac. 198].)

All the Justices concurred.