[Crim. No. 862.    First Appellate District, Division Two.—September 17, 1919.]

THE PEOPLE, Respondent, v. RICHARD SARTORI, Appellant.

[1] CRIMINAL LAW—ROBBERY—COMPLICITY OF DEFENDANT—EVIDENCE —VERDICT.—In this prosecution for the commission of a robbery, although the defendant on trial was not present at the time the crime was committed, the jury was justified in concluding from all the surrounding circumstances that he participated in the crime.

[2] ID.—WANT OF DIRECT PROOF OF CONSPIRACY—INFERENCE PROPER. Under the circumstances which occurred, the jury was justified in drawing an inference of guilt of the crime of robbery, although the prosecution failed to prove a conspiracy through the testimony of the codefendants, who had pleaded guilty, and there was direct uncontradicted evidence in behalf of the defendant that no conspiracy existed.

[3] ID.—PROOF OF DETAILED PLAN NOT NECESSARY.—In a prosecution of several defendants for the commission of a robbery, it is not necessary for the prosecution to prove that a detailed plan of the robbery had been arranged among them.

APPEAL from a judgment of the Superior Court of Fresno County. M. F. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Curtin and Carl E. Lindsay for Appellant.

U. S. Webb, Attorney-General, and R. L. Chamberlain for Respondent.

NOURSE, J.—Defendant was charged, together with his codefendants Sasselli and Gatti, with the crime of robbery, by taking from the possession of one Joe Ponti a certain sum of money by force and fear. Defendants Sasselli and Gatti both entered pleas of guilty. The defendant Sartori stood trial, was convicted by the jury, and prosecutes this appeal. The sole ground for reversal urged in his behalf is that the evidence is insufficient to justify the verdict of conviction.

The undisputed facts are that this defendant first met Ponti in a saloon in Fresno one evening at about 6:30 o'clock; that

Ponti had just recently arrived from Stockton; that the two had several drinks together at the bar, where Ponti displayed considerable money; that the other two defendants were in the same saloon drinking at the same bar; that defendant Sartori left Ponti for a short time and went out to the sidewalk, where he met Sasselli, to whom he said he "had a friend inside, from Stockton; he has eighty dollars; saw him buy a drink, and he changed a twenty dollar gold piece." It then appears that after more drinks were had Sartori suggested to Ponti that they go out and have some tamales. As they stepped outside of the saloon he urged Ponti to get into Sasselli's automobile, which was standing near by, saying he would follow on his bicycle. Ponti, Sasselli, and Gatti drove off in the automobile and Sartori followed for a few blocks on his bicycle. Sasselli, driving the machine, turned into the country, and when several miles out of town he and Gatti forcibly took Ponti's money from him, put him out of the machine and turned back to town.

On their way back Gatti gave Sasselli fifty dollars, telling him he had taken seventy-five dollars from Ponti and that twenty-five dollars, half of that given to him, was for Sartori and half for himself. When they reached town Gatti got out of the machine and Sasselli proceeded a few blocks until he picked up Sartori, to whom he handed twenty-five dollars, telling him that Gatti had taken seventy-five dollars from Ponti and had given him fifty dollars to be divided between Sartori and himself. Thereafter Sartori went to the saloon where he first met Ponti, and, as he entered, overheard Ponti relating his experiences to the proprietor and accusing "the man with the bicycle." Sartori stepped up, and as to what then occurred the testimony of the proprietor of the saloon shows: "Sartori comes in and he says to Ponti, 'I am the man with the bicycle'; and so Ponti says, 'I will go up to make my own complaint and to fight it out,' and Ponti asked me what place was the police headquarters, and I show him; and Sartori says, 'If you want to go out there, I will show you; I will go with you.' And so when it started that way and Sartori says, 'If you put me in the complaint, I will fix you'; and Ponti says, 'Never mind,' he says, 'I am going to make my own complaint'; and so Sartori tells him again, 'I will fix you.' At the same time he hit him and he fell on the floor."

[1]  It is undisputed that this defendant was not present at the time the crime was committed.  To show his participation in the crime the prosecution relies upon the following circumstances: That he endeavored to make himself very agreeable to the complaining witness as soon as he learned that he had money to spend; that he told his codefendant Sasselli that the complaining witness had eighty dollars; that he urged the complaining witness to go out to get something to eat and then persuaded him to get into the automobile of Sasselli; that he accepted twenty-five dollars of the money taken from the complaining witness, which represented one-third of the profits of the robbery; and that when this defendant re-entered the saloon and heard the complaining witness telling of the robbery and placing the blame on the man with the bicycle that he immediately asserted his innocence, although still retaining his share of the spoils, and attacked the complaining witness when he learned that a criminal charge was to be laid against him.  This defendant attempts to explain the receipt of the money from Sasselli by saying that Gatti owed him money, but his testimony was far from convincing, and, like the rest of his story, came from a man showing a guilty knowledge of the entire affair.  After a careful examination of the entire record it is difficult to see how the jury could have reached any other verdict than that returned.

[2]  Appellant, attacking the verdict, insists that, as the prosecution failed to prove a conspiracy through the testimony of Sasselli and Gatti, the jury was not justified in drawing an inference of guilt under the circumstances which occurred.  The argument is that, where direct uncontradicted evidence is introduced to show that no conspiracy existed, the jury is not warranted in drawing the inference of the existence of such conspiracy from the facts proved, citing *Maupin* v. *Solomon,* 41 Cal. App. 323, [183 Pac. 198].  But if the rule of that decision is as stated by appellant, then it cannot be the rule in criminal cases.  If it were, there could be no conviction on circumstantial evidence if the defendant or anyone in his behalf took the stand and directly denied the commission of the crime.

[3]  In the instant case the defendant is charged as a principal on the theory that, although not present at the time of the robbery, he did aid and abet in its commission.  (Pen.

Code, sec. 971.)   It is not necessary for the prosecution to prove that a detailed plan of the robbery had been arranged among the three parties.   No conversation may have been necessary between Sartori and Sasselli or between Sartori and Gatti.   Sartori gave the information regarding Ponti's possession of the money, and urged him to get into Sasselli's automobile with Gatti on the representation that they were going to have something to eat.

All of the circumstances lead inevitably to the conclusion that the defendant participated in the fruits of the crime with guilty knowledge and criminal intent.   The jury chose to follow the only inference that could be reasonably drawn from these circumstances rather than the denials made by those jointly charged with the crime.

The evidence as outlined is sufficient to support the verdict, and the judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.