[Civ. No. 2412. Third Appellate District.—February 23, 1922.]

## T. H. FAHEY, Appellant, v. WINFIELD MADDEN, Respondent.

[1] NEW TRIAL — ORDER GRANTING — ABSENCE OF SPECIFICATION OF GROUND—PRESUMPTION.—Where a motion for a new trial is made upon all the statutory grounds and the order granting a new trial does not specify the ground upon which it was granted, under the provisions of section 657 of the Code of Civil Procedure it must be presumed that it was not based upon the ground of insufficiency of the evidence to sustain the verdict.

[2] ID.—DENIAL OF NONSUIT AND INSTRUCTED VERDICT—GRANTING OF NEW TRIAL — APPEAL — REVIEW OF EVIDENCE.—On an appeal by plaintiff from an order granting defendant's motion for a new trial, in reviewing the rulings of the trial court denying defendant's motion for a nonsuit, made at the close of plaintiff's case and at the conclusion of the case, and in refusing defendant's re-

quest for an instructed verdict in his favor, the evidence may be examined to ascertain whether it was sufficient to make a *prima facie* case for the plaintiff.

[3] NEGLIGENCE—OWNERSHIP AND OPERATION OF AUTOMOBILE—PRIMA FACIE CASE OF AGENCY—REBUTTAL.—In an action for damages for personal injuries caused by being struck by an automobile, proof of ownership of the machine by one person and its operation by another with the knowledge and consent of the former makes out a *prima facie* case of agency between the owner and the operator, based on an inference, but that inference will not serve to create a conflict in the evidence as against clear, positive, and uncontradicted evidence that such relationship did not exist.

[4] ID.—PERMISSIVE USE OF AUTOMOBILE—DEDUCTION OF AGENCY NOT PRESUMPTION OF LAW.—The deduction which the jury may make from proof of ownership of an automobile by one person and its use by another is an inference and not a presumption of law.

[5] ID.—PROOF OF AGENCY—PRIMA FACIE CASE—ERRONEOUS INSTRUCTION—NEW TRIAL.—In an action for damages for personal injuries caused by being struck by an automobile, an instruction which in effect not only states that a presumption of agency arises from the admission of ownership by one person and its use and operation with the knowledge and consent of the former but, in plain language, declares that the jury must find for plaintiff on the *prima facie* showing, in the absence of controverting evidence, is erroneous; and such error furnishes sufficient ground for a new trial.

APPEAL from an order of the Superior Court of Solano County. W. T. O'Donnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Morrissey and Frederick M. Shipper for Appellant.

Elmer W. Armfield and Arthur B. Eddy for Respondent.

FINCH, P. J.—Plaintiff appeals from the order of the trial court granting defendant Madden's motion for a new

3. Making *prima facie* case of responsibility for negligence of driver of automobile by proof of defendant's ownership of car or employment of driver, notes, 46 L. R. A. (N. S.) 1091; L. R. A. 1918D, 924.

Liability of owner for negligence of borrower or hirer of automobile, notes, Ann. Cas. 1916A, 668; Ann. Cas. 1917E, 228; 33 L. R. A. (N. S.) 81.

trial. [1] The motion was made on all the statutory grounds. It appears from the briefs that the only ground argued in support of the motion was the insufficiency of the evidence to justify the verdict. The order granting a new trial does not specify the ground upon which it was granted and, therefore, under the provisions of section 657 of the Code of Civil Procedure, it must be presumed that it was not based upon the ground of insufficiency of the evidence to sustain the verdict.

[2] At the close of plaintiff's case the respondent moved for a nonsuit and after all the evidence of both parties was concluded he renewed his motion and also requested the court to instruct the jury to find for respondent. Both motions were denied and the request for an instructed verdict was refused. In reviewing these rulings, notwithstanding the provisions of section 657, the evidence may be examined to ascertain whether it is sufficient to make a *prima facie* case for the plaintiff. (*Carter* v. *Canty,* 181 Cal. 749 [186 Pac. 346]; *Beeson* v. *Schloss,* 183 Cal. 618 [192 Pac. 292]; *Williams* v. *Bullock Tractor Co.,* 186 Cal. 32 [198 Pac. 780].)

The judgment is for personal injuries to plaintiff alleged to have been caused by the negligence of the defendants. While walking along the highway the plaintiff was struck by an automobile owned by defendant Madden and being then driven by defendant Boen. It is admitted that Madden was the owner of the automobile and that Boen was driving it with Madden's knowledge and consent. The plaintiff introduced evidence tending to show that his injuries resulted from Boen's negligent driving and the amount of damages suffered by plaintiff and then rested.

From the testimony of Boen, Madden and the persons riding in the car with the former, it appears without contradiction that Boen had arranged to take some young women and their chaperon from Dixon to a basket-ball game at Suisun on the evening of the accident; that the automobile in which he intended to take them "got out of commission" after he had made such arrangements; that he endeavored to secure another machine and tried unsuccessfully to hire one from the garages; that he then called Madden on the telephone, explained the circumstances to him and asked to borrow the latter's car and that Madden loaned it

to Boen for the use stated; that Madden was not invited to go and did not accompany Boen on the trip; that those who rode in the machine did so at Boen's invitation; that Boen had never been employed by Madden and had never driven the latter's machine prior to the time in question; that in driving the car Boen was not on any business for Madden and that the latter had nothing whatever to do with the matter further than to loan his machine.

[3] The question is whether Boen was operating the automobile as Madden's agent at the time of the accident. It is conceded that such agency may be inferred from proof of Madden's ownership of the car and Boen's operation thereof with the knowledge and consent of the former. Appellant contends that the testimony introduced by the defendants in rebuttal of such *prima facie* case merely created a conflict and that it was for the jury to determine whether or not such testimony was sufficient to overcome the inference arising from proof of ownership and operation as aforesaid. The language of some of the decisions lends support to appellant's contention but the facts stated therein are essentially different from those of the instant case. In *McWhirter* v. *Fuller,* 35 Cal. App. 288 [170 Pac. 417], no attempt was made to rebut the inference of agency arising from proof of ownership and permissive use. In denying a hearing the supreme court said: "As we understand the opinion as to the effect of proof that the car in question was owned by the appellant and was being operated by his wife at the time of the accident with his express consent and permission, it is simply that a *prima facie* case was thereby established, authorizing an inference by court or jury, in the absence of substantial proof to the contrary, that the wife was using the car as the agent of the husband." In *Grantham* v. *Ordway,* 40 Cal. App. 758 [182 Pac. 73], the operator of the car was in the employment of the owner and the testimony tending to rebut the inference of agency was not "free from justifiable doubt." In *Randolph* v. *Hunt,* 41 Cal. App. 739 [183 Pac. 358], the owner was riding in the machine at the time of the accident but claimed that he had loaned it to the driver and was riding as the latter's guest. The supreme court denied a hearing on the single ground that the question of agency "was resolved against appellant on conflicting evidence." In *Dierks* v.

*Newsom,* 49 Cal. App. 789 [194 Pac. 518], the evidence
offered to rebut the inference of agency was conflicting.

There is no distinction in principle between the case
under consideration and that of *Maupin* v. *Solomon,* 41
Cal. App. 323 [183 Pac. 198]. There the plaintiff proved
"that the automobile belonged to the appellant and was
being operated by its employee at the time of the collision."
To meet the *prima facie* proof of agency so made, the de-
fendant introduced evidence to the effect that at the time of
the accident the driver of the automobile "was engaged in a
pursuit wholly his own" and that his use of the machine
for such purpose was without the consent and against the
instructions of the defendant. Respondent there contended
that the inference of agency arising from proof of such
ownership and use "remained in the case in spite of the
clear, positive, and uncontradicted evidence" to the contrary,
"and created a substantial conflict in the evidence, with the
result that the action of the court in denying a motion for
a new trial must be sustained upon appeal." The district
court of appeal held to the contrary and reversed the judg-
ment. In denying a hearing in the supreme court it was
said: "We desire to point out that respondent's *prima facie*
case was based solely on an 'inference,' and not on any
'presumption' declared by law. When we say that a certain
inference is warranted by certain facts proved, we mean
no more than that the jury is reasonably warranted in mak-
ing that deduction from those facts. (Code Civ. Proc., sec.
1958.) In this case the direct uncontradicted evidence intro-
duced in response to the *prima facie* case as to the circum-
stances under which the employee of appellant was driving
appellant's automobile was of such a nature as to leave no
reasonable ground for an inference based solely on the fact
of appellant's ownership of the automobile and the further
fact that the person driving was an employee of appellant,
that the driver was acting within the scope of his employ-
ment at the time of the accident. The verdict, therefore,
was contrary to the evidence." In that case the defendant
admitted its ownership of the automobile and that the driver
was its employee, but denied that the driver was acting
within the scope of his employment at the time of the acci-
dent or using the machine for a purpose for which the
owner had consented. In this case the respondent admits

ownership of the automobile and its use by the operator
with respondent's consent, but denies that the operator was
acting as respondent's agent at the time of the accident.
The principle of law involved is the same in both cases. The
question is whether the inference on which the *prima facie*
case of agency is based creates a substantial conflict as
against clear, positive, and uncontradicted evidence to the
contrary. Evidence could not well be more clear and
positive than that given by defendants' witnesses relative to
the subject under discussion and it is apparently free from
suspicion. Under such circumstances it must be held, on the
authority of *Maupin* v. *Solomon, supra,* that, as to the de-
fendant Madden, it was error to submit the case to the
jury. (See, also, *Brown* v. *Chevrolet Motor Co.,* 39 Cal.
App. 738 [179 Pac. 697]; *Gousse* v. *Lowe,* 41 Cal. App. 715
[183 Pac. 295]; *Martinelli* v. *Bond,* 42 Cal. App. 209 [183
Pac. 461]; *Gates* v. *Pendleton,* 184 Cal. 797 [195 Pac. 664].)

[4] The foregoing authorities establish the proposition
that the deduction which the jury may make from proof of
ownership of an automobile by one person and its use by
another is an inference and not a presumption of law. In
his closing brief appellant says: "If the deduction be an
inference, it having its source 'in the reason of the jury,'
the jury may or may not make the inference as its reason
dictates, even though no controverting evidence be offered.
(*Davis* v. *Hearst,* 160 Cal. 143, 178 [116 Pac. 530].)'" The
case cited supports the statement in the brief. [5] The
court instructed the jury at plaintiff's request as follows:
"It is admitted by the pleadings that the defendant Madden
was the owner of the automobile at the time of the accident
and that the defendant Boen was driving the automobile
at the time of the accident with the permission, consent,
and approval of the defendant Madden. This is *prima facie*
proof that the driver was engaged in the owner's service and
a presumption arises that the automobile was in use for the
owner's benefit. Testimony that the automobile was loaned
to Boen does not, as a matter of law, destroy the presump-
tion unless from the evidence you find that it was loaned
as claimed by the defense. If you should find that the
said automobile was not loaned to said Boen as claimed by
the defense, and if you also find that the injury to Fahey
was the result of the negligent operation of the automobile

your verdict must be for the plaintiff, and against defendants Madden and Boen unless you further find that the plaintiff was guilty of contributory negligence." To so instruct is to tell the jurors that, from the admitted facts, "in the absence of rebutting evidence they not only *may* find for plaintiff but *must* do so, since 'the jury are bound to find according to the presumption' if not controverted. (Code Civ. Proc., sec. 1961.)" (*Davis* v. *Hearst, supra.*) The instruction not only states that a presumption of agency arises from the admitted facts but, in plain language, declares that the jury *must* find for plaintiff on the *prima facie* showing, in the absence of controverting evidence. The burden of proof on the issue of agency was on the plaintiff. The effect of the inference arising from the admitted facts was not to shift to the defendant the burden of proving the contrary by a preponderance of the evidence but the burden remained with the plaintiff to prove by a preponderance of the whole evidence that at the time of the accident Boen was acting as Madden's agent. (*Cody* v. *Market St. Ry. Co.,* 148 Cal. 93 [82 Pac. 666]; *Koyer* v. *Willmon,* 12 Cal. App. 87 [106 Pac. 599]; *Onell* v. *Chappell,* 38 Cal. App. 375 [176 Pac. 370]; *White* v. *Hines,* 182 N. C. 275 [109 S. E. 31].) The error in giving such instruction furnishes sufficient ground for a new trial.

The order appealed from is affirmed.

Hart, J., concurred.

BURNETT, J., Concurring.—I concur upon the ground that the court erred in giving said instruction and I desire to add a few words in reference to the opinion in *Randolph* v. *Hunt,* 41 Cal. App. 739 [183 Pac. 358]. Therein it could be said properly, as pointed out by this court and also by the supreme court, that a conflict existed in the showing as to agency. Even, if the inference arising from the ownership of the machine should not be considered sufficient when standing alone, it was strengthened by certain circumstances, which are indicated in the opinion. It may be added that an inaccuracy occurred therein in the use of the term "presumption" in the discussion of the proposition. Correctly speaking, it is not a *presumption* but rather an *inference,* as

clearly shown by the presiding justice in the main opinion herein. The terms are sometimes loosely used as interchangeable, but, of course, there is a clear distinction between them when accurately employed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 24, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.*, was acting.