[L. A. No. 16462. In Bank.—March 28, 1938.]

WALTER A. ENGSTROM, Appellant, v. AUBURN AUTO-
MOBILE SALES CORPORATION (a Corporation)
et al., Respondents.

George B. Bush and Philip C. Farman for Appellant.

Parker & Stanbury and White McGee, Jr., for Respondents.

Bronson, Bronson & McKinnon, as *Amici Curiae*, on Behalf of Respondents.

WASTE, C. J.—Plaintiff brought this action for damages against the operator and the owner of an automobile for injuries alleged to have been inflicted by reason of its negligent operation. The gravamen of the complaint as to the owner is the use of the car by the operator with the alleged consent and permission of the owner, an automobile sales agency, granted by its sales manager and a salesman, who were also made defendants. The jury returned a verdict in the sum of $10,000 against the operator of the car. However, on motion of the owner and its said two employees, the court directed a verdict in their favor upon which judgment was accordingly entered. It is from this judgment that the plaintiff prosecutes this appeal.

In an action of this character, the liability of the owner, if any, must be found in the provisions of section 1714¼ of the

Civil Code, now section 402 of the Vehicle Code, which so far as material here provides, in part, that "Every owner of a motor vehicle shall be liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner . . . "

In the instant case the respondent-owner was an automobile sales agency and the operator was a prospective purchaser who, at his request, concededly had been given permission to use the car, for the purpose of showing or demonstrating it to members of his family prior to purchasing a similar model, a matter that ultimately failed to materialize. The appellant relies on the permission so given, and the inference of permission asserted to arise from the admission in the pleadings of respondent's ownership of the car, as a showing under the provisions of section 1714¼, *supra,* sufficient to preclude the trial court from directing, as it did, the return of a verdict in favor of the respondent-owner and its named employees.

■ It is settled that a directed verdict may be granted only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff if such a verdict were given. (*Estate of Lances,* 216 Cal. 397, 400 [14 Pac. (2d) 768].)

■ Measured by this rule, we fail to perceive any error in the action of the trial court. The accident in which appellant's injuries were received occurred at about noon on July 26, 1935, on a main highway outside the city of Los Angeles and at a distance of approximately twelve miles from respondent's salesroom. It is stipulated herein that the undisputed evidence adduced at the trial established the time and place of the accident. Such stipulation was prompted by the absence from the transcript of the evidence bearing thereon. In fact, the only testimony included in the reporter's transcript, pursuant to appellant's specific request, was that of the respondent salesmen detailing principally the circumstances and conditions under which the automobile was entrusted to the defendant Silkman who was operating it at the time of the accident. These witnesses, who appeared

for the defense, testified without contradiction that after Silkman had presented himself as a prospective purchaser and had been given a demonstration of the car's ability, he requested permission to drive the car unaccompanied to the Blackstone Hotel, a distance of from two to three miles from the salesroom, in order that he might show it to "Ma and Sis". After some consultation between the sales manager and salesman, it was agreed that defendant Silkman might take the car for the purpose specified. However, the evidence indisputably discloses that Silkman was expressly told he was to return the car within an hour and a half or two hours at the outside. He agreed to this condition and promised to return the car within two hours. He departed the salesroom with the car at about 5 P. M. on July 25, 1936. He did not return the car within the agreed time. In fact, he did not return it that day or night. On the contrary, he returned it the following day at approximately 4 P. M., the accident having occurred shortly prior thereto. Following the expiration of the period prescribed for the return of the car, the respondents made several efforts to locate the defendant Silkman. Their efforts in this regard culminated shortly prior to its return in a report to the police department that the car had been stolen.

The appellant made no effort to controvert the evidence that the car had been entrusted to Silkman for the limited period of two hours or that the accident had occurred long after the period had expired. The evidence in this respect is uncontradicted. Under the circumstances, we are of the view that the reasoning and conclusion in the case of *de Rebaylio* v. *Herndon*, 6 Cal. App. (2d) 567, 569 [44 Pac. (2d) 581], are applicable and determinative of the present cause. In the cited case, as here, the owner had granted permission to the operator to drive the car for a prescribed period. There, as here, the car was not returned as promised and the accident occurred subsequent to the expiration of the prescribed period. There, as here, the trial court directed a verdict in favor of the owner of the car. Upon appeal it was contended by the plaintiffs, as it is substantially urged herein, that the "facts concerning the ownership of the automobile and its use by the defendant Herndon raised an inference that such use was with the consent of the owner; that this inference was sufficient to establish a *prima facie* case for the plaintiffs; and that the jury should have been permitted to

pass on the question of the permissive use of the automobile from a consideration of the inference on the one hand and the testimony of Herndon [operator] and Hamlin [president of the owner-corporation] on the other.''

In disposing of this contention it was declared: ''The mere fact that at the time of an accident one is driving an automobile belonging to another is not, of itself, sufficient to establish that the former was driving the car with the permission of the owner. (*Bradford* v. *Sargent*, 135 Cal. App. 324, 333 [27 Pac. (2d) 93].) Also, it is undisputed that the only permission given Herndon to use the car was that he might have it for a particularly specified period. The accident happened a day after this time expired. To hold that Herndon was then driving the car with either the express or implied consent of the owner would require us to disregard the plain agreement of the parties. The time within which Herndon had permission to use the car having expired, he was not driving it thereafter with the permission, either express or implied, of the owner. (*Union Trust Co.* v. *American Commercial Car Co.*, 219 Mich. 557 [189 N. W. 23].)''

This court denied a hearing in the cause. We also denied a hearing in the case of *Howland* v. *Doyle*, 6 Cal. App. (2d) 311, 314, 315 [44 Pac. (2d) 453], wherein the owner of a truck granted permission to a prospective purchaser to try out the vehicle, which task, unknown to the owner, was thereupon delegated to a third person who was driving at the time of the accident. Plaintiffs were there nonsuited as to the owner. Upon appeal, they urged that a showing of ownership was sufficient under section 1714¼, *supra*, to preclude the granting of a nonsuit. In rejecting this contention, the opinion asserts that ''Section 1714¼ places upon the owners of automobiles a statutory liability which otherwise would not exist. Before this section can be applied, it must appear by the proof that the vehicle was used or operated 'with the permission express or implied, of such owner'. The existence of such permission cannot be left to speculation or conjecture nor be assumed, but must be affirmatively proved as an essential element of the cause of action. Such proof must consist of facts and circumstances from which can follow the inference that the owner either expressly gave permission or that his acts and conduct were such that permission might be implied. Where the evidence does not warrant either of such inferences section 1714¼ does not apply as a matter of

law.'' The opinion then goes on to point out that from the granting of permission to a designated person to test the truck it may not be implied or inferred that the owner thereby consented to the operation of the truck by a third person to whom the task of testing the truck had been delegated unknown to the owner. Necessarily, the decision is very definite authority for the proposition that from a showing of ownership alone a permissive use may not be inferred so as to preclude a nonsuit as to the owner.

*Hoffmann* v. *Lane,* 11 Cal. App. (2d) 655 [54 Pac. (2d) 477], and *Boland* v. *Gosser,* 5 Cal. App. (2d) 700 [43 Pac. (2d) 559], relied on by the appellant, are distinguishable for in each case, in addition to a showing of ownership, there was other affirmative evidence from which a permissive use might reasonably be inferred. In the instant case, the inference of permissive use must find support, if at all, in the fact of ownership alone. This is so, in view of our conclusion that at the time of the accident the car was being operated after the express permission theretofore granted by the owner had expired.

However, even if we assume for present purposes, that a showing of ownership alone is sufficient to give rise to an inference of permissive use within the meaning of section 1714¼, *supra,* we fail to perceive wherein appellant's cause would be aided. Under the circumstances disclosed by the record now before us, we cannot accept appellant's theory that such inference, based on ownership alone, may stand in the face of the uncontradicted testimony above outlined to the effect that the operator of the car at the time of the accident was driving it in violation of his agreement with and promise to the owner to return it a day prior to the accident. █

The rule governing the dispelling of an inference is materially different from that relating to the dispelling of a presumption. It should be kept in mind that an inference is a permissive deduction while a presumption is a deduction directed to be drawn by law. (Secs. 1958, 1959, Code Civ. Proc.) Some of the cases relied on by appellant in support of his contention that the inference of permissive use arising from a showing of ownership creates a *prima facie* case which precludes a trial court from granting a nonsuit or a motion for a directed verdict, are cases (notably *Smellie* v. *Southern Pac. Co.,* 212 Cal. 540 [299 Pac. 529]) involving presumptions, as to which, as we have stated, the rule differs from

that applicable to inferences, while others of the cases relied on by appellant have fallen into the all too prevalent error of using the terms "presumption" and "inference" interchangeably and synonymously, with a consequent confusion of the rules applicable thereto.

It is not our purpose to here attempt a detailed discussion, explanation or reconciliation of the many cases on the subject. ■ Generally speaking, however, it may be said that a *presumption* is dispelled when a fact which is wholly irreconcilable with it is proved by the uncontradicted testimony of the party relying on it or of such party's own witness, when such testimony was not the product of mistake or inadvertence. (*Smellie* v. *Southern Pac. Co.*, *supra*; *Mar Shee* v. *Maryland Assur. Corp.*, 190 Cal. 1, 8 [210 Pac. 269] ; *Pitt* v. *Southern Pac. Co.*, 121 Cal. App. 228, 232–235 [9 Pac. (2d) 273] ; *Peters* v. *California Bldg.-Loan Assn.*, 116 Cal. App. 143, 154 [2 Pac. (2d) 439] ; *Fortier* v. *Hogan*, 115 Cal. App. 50, 56, 57 [1 Pac. (2d) 23].) However, a presumption is not dispelled by evidence produced by the opposite party but remains as evidence in the case sufficient to support a judgment, except in rare cases in which the rebutting evidence is absolutely conclusive. (*Smellie* v. *Southern Pac. Co.*, *supra*.) (Illustrative of such rare cases would be a situation, referred to in the Smellie case, *supra*, 552, wherein one party relies on the presumption that a person unheard of for seven years is dead and the other party to meet and overcome such presumption actually produces the person in court.) In passing, it should also be mentioned that the testimony of a witness called under section 2055 of the Code of Civil Procedure is not binding on the party calling him and for the purpose now under consideration he is not considered to be a witness of the party so calling him and therefore his testimony does not serve to dispel a presumption upon which such party relies. (*Smellie* v. *Southern Pac. Co.*, *supra*, 555.) ■ On the other hand, an *inference* is dispelled as a matter of law when it is rebutted by clear, positive and uncontradicted evidence which is not open to doubt, even though such evidence is produced by the opposite side. (*Maupin* v. *Solomon*, 41 Cal. App. 323, 324–326 [183 Pac. 198] ; *Martinelli* v. *Bond*, 42 Cal. App. 209 [183 Pac. 461].) Of course, if the opposition evidence is conflicting, vague or uncertain, or is weakened by contradictions or improbabilities, an inference is not dispelled as matter of law. A few of the many

cases applying this latter principle, are: *Bushnell* v. *Yoshika Tashiro,* 115 Cal. App. 563, 566, 567 [2 Pac. (2d) 550]; *Wagnitz* v. *Scharetg,* 89 Cal. App. 511, 517 [265 Pac. 318]; *Grantham* v. *Ordway,* 40 Cal. App. 758, 765 [182 Pac. 73]; *Dierks* v. *Newsom,* 49 Cal. App. 789, 794 [194 Pac. 578]. The Bushnell case, *supra,* was so distinguished in *Bourne* v. *Northern Counties etc. Co.,* 4 Cal. App. (2d) 69, 71 [40 Pac. (2d) 583] (hearing denied here), while the Dierks and Grantham cases, *supra,* and other similar cases, were likewise so distinguished in *Fahey* v. *Madden,* 56 Cal. App. 593, 596–598 [206 Pac. 128], and *Ransford* v. *Ainsworth,* 196 Cal. 279, 286–288 [237 Pac. 747].

Sufficient reference has been made to the cases to illustrate our point. As already indicated, to explain or attempt to reconcile all of the cases on the subject would be a futile task because of the confusion between a presumption and an inference that has crept into many of the cases and the varying circumstances of each case.

In denying a hearing in *Maupin* v. *Solomon, supra,* 326, we attempted to point out the distinction, too frequently overlooked, between a presumption and an inference. We there said that ''we desire to point out that respondent's *prima facie* case was based solely on an 'inference' and not on any 'presumption' declared by law. When we say that a certain inference is warranted by certain facts proved, we mean no more than that the jury is reasonably warranted in making that deduction from those facts. (Code Civ. Proc., sec. 1958.) In this case the direct uncontradicted evidence introduced in response to the *prima facie* case as to the circumstances under which the employee of appellant was driving appellant's automobile was of such a nature as to leave no reasonable ground for an inference based solely on the fact of appellant's ownership of the automobile and the further fact that the person driving was an employee of appellant, that the driver was acting within the scope of his employment at the time of the accident.'' We had occasion to quote this language with approval in *Crouch* v. *Gilmore Oil Co.,* 5 Cal. (2d) 330, 333–335 [54 Pac. (2d) 709], wherein we also attempted to distinguish or reconcile, as here, some of the many cases on the point now under discussion.

In the light of this summary of the subject, we are of the opinion that the inference of permissive use relied on by the appellant as arising solely from the ownership of the

automobile (assuming such inference does so arise) has been fully and completely dispelled in this case by the positive, unequivocal and uncontradicted testimony produced by the respondents to the effect that the automobile had been entrusted to Silkman for a limited period only and that at the time of the accident such period had long since expired and Silkman was then operating the car in violation of his promise and agreement and against the express wish and desire of the owner. This undisputed testimony precludes any attempt to infer that Silkman's use of the car was a permissive one. Appellant's argument if carried to its logical extreme would permit an inference of permissive use from ownership alone even in the face of uncontroverted proof that at the time of the accident the car was being operated by one who had stolen it. Certainly, even appellant would not contend for such a result. Yet, Silkman's failure to return the car within the time expressly limited by the owner, made his subsequent use thereof as much against the wish and desire of the owner as that of the thief in the supposititious case.

We find no merit in the contention that the trial court erred in refusing to reopen or continue the case to permit appellant to secure the testimony of the defendant-operator Silkman. Aside from the fact that appellant merely states the point without argument to support it, examination of the transcript discloses that the trial court acted well within its discretion in denying the requested relief. The trial consumed several days and it was not until after respondents had moved for a directed verdict and the judge had indicated his intention to grant said motion, that plaintiff and appellant moved to reopen the case in order to procure the defendant Silkman's testimony. The trial court was correct in declaring that the motion to reopen "comes at the close of the testimony in the case and after motions have been made upon which the court has indicated his probable ruling. The fact that Mr. Silkman was not expected to attend the trial was intimated on the first day of the trial, and was definitely stated on the second court day of the trial. Prior to this time no request has been made for a continuance or for any process or order of this court which might secure the presence of Mr. Silkman, nor has the plaintiff made any effort to secure the taking of the deposition of the defendant Silkman. . . . "

It goes without saying that it was proper to direct a verdict in favor of the two salesmen involved.

The judgment appealed from is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Langdon, J., Houser, J., and Seawell, J., concurred.

Rehearing denied.