[Civ. No. 10578.  First Appellate District, Division One.—March 22, 1939.]

MONTIO MONTANYA et al., Respondents, v. GRACE BROWN et al., Defendants; K. B. TOWNE et al., Appellants.

Bronson, Bronson & McKinnon for Appellants.

H. W. Call and R. J. Dolwig for Respondents.

KNIGHT, J.—The plaintiff Mrs. Louise Montanya was struck and injured by an automobile owned by K. B. Towne, F. L. Towne and M. B. Towne, copartners doing business under the firm name of Towne Motor Company. At the time of the accident the automobile was being driven by Miss Grace Brown; and on account of the injuries sustained by Mrs. Montanya she and her husband brought this action for damages against the owners of the automobile and the driver thereof. At the opening of the trial, which took place before a jury, it was admitted by all defendants that the Townes were the owners of the automobile, that on this particular occasion it was being driven by Miss Brown with the express permission of the owners, and that the negligent operation thereof by her was the proximate cause of the accident. How-

ever, at the conclusion of the evidence a motion was made in behalf of the owners to instruct the jury that any verdict rendered against them should be limited to $5,000, the ground of the motion being that the evidence failed as a matter of law to establish any agency between the owners and the driver, and that therefore by virtue of section 402 of the Vehicle Code (formerly section 1714¼, Civ. Code) their liability as such owners was limited to $5,000. The trial court denied the motion and the jury returned a verdict against the owners and the driver for $35,000. Thereupon the owners moved that notwithstanding the amount awarded, judgment against them should be entered for only $5,000. The motion was denied, and following the entry of judgment on said verdict, the owners' motion for new trial based on similar grounds was also denied. From the judgment so entered the owners have taken this appeal.

The undisputed facts of the case are these: The Townes as such copartners were engaged in the automobile business in Redwood City, and K. B. Towne and his wife made their home in that city. They had no car of their own, and for their own pleasure and convenience they used one belonging to the partnership. On Friday, September 4, 1936, K. B. Towne left on a deer hunt, and shortly before he left his wife asked for the use of a car the next evening. Since she did not drive, her husband asked her who would do the driving, and she replied that either her sister, Grace Brown, or a friend, Mrs. Thompson, would do so. He consented to let her have the car, and told her he would instruct the manager of the firm to let her have the "green demonstrator". Towne left on his hunting trip as planned, and some time during Saturday afternoon Mrs. Towne and her sister took the car. After first driving about to do some personal shopping, they visited friends in Belmont, and from there drove to San Mateo, where they dined at a cafe. Thereafter they visited a roadhouse in Millbrae, and another in South San Francisco, and it was while they were returning home early Sunday morning, Miss Brown still doing the driving, that the car struck and injured Mrs. Montanya.

Section 402 of the Vehicle Code makes "*every owner* of a motor vehicle . . . liable and responsible for death of or injury to person or property resulting from negligence in the operation of such motor vehicle, *in the business of such owner*

*or otherwise,* by any person using or operating the same with the permission, express or implied, of such owner'' (subd. [a], italics ours). Therefore, every action brought as a result of the negligent operation of a motor vehicle driven by one other than the owner, with the owner's consent, comes within the provisions of said section. Said section further provides, however, that if the liability is proved to have arisen *other* than through the relationship of principal and agent or master and servant, the liability is limited, in the case of death or injury to one person, to $5,000 (subd. [b]) ; and it follows, therefore, that if such relationship does exist, the liability of the owner is not so limited.

In the present case, to establish a relationship of agency, respondents rely entirely on an inference which they contend arose from the admitted fact that Miss Brown was driving appellants' car with appellants' permission, it being argued by them in this regard that such inference alone is sufficient to support a finding to that effect, even against clear and uncontradicted evidence to the contrary. On the other hand, it is appellants' contention that in the face of the clear, positive, uncontradicted evidence that Miss Brown was not acting as appellants' agent in driving the car, the inference of agency which might have been drawn from said admitted facts is completely dispelled from the case, leaving the evidence without conflict on that point; and therefore that the jury should have been instructed that appellants' liability could not exceed $5,000.

It is true, that from the facts of ownership and permissive use an inference of agency may be drawn (*DuBois* v. *Owen,* 16 Cal. App. (2d) 552 [60 Pac. (2d) 1019] ; *Squires* v. *Riffe,* 211 Cal. 370 [295 Pac. 517] ; *Fahey* v. *Madden,* 56 Cal. App. 593 [206 Pac. 128] ; *McWhirter* v. *Fuller,* 35 Cal. App. 288 [170 Pac. 417] ; *Maupin* v. *Solomon,* 41 Cal. App. 323 [183 Pac. 198] ; *Bourne* v. *Northern Counties T. Ins. Co.,* 4 Cal. App. (2d) 69 [40 Pac. (2d) 583] ; *Strasburger* v. *Prescott,* 111 Cal. App. 104 [295 Pac. 357]), which if uncontradicted by substantial evidence remains as evidence in the case (*McWhirter* v. *Fuller, supra; Ransford* v. *Ainsworth,* 196 Cal. 279 [237 Pac. 747]) and will support a judgment in excess of $5,000; or if the opposition evidence is conflicting, vague or uncertain, or is weakened by contradictions or improbabilities, the inference likewise remains, and the question

of agency is still one of fact for the determination of the jury (*Bushnell* v. *Yoshika Tashiro*, 115 Cal. App. 563 [2 Pac. (2d) 550]; *Wagnitz* v. *Scharetg*, 89 Cal. App. 511 [265 Pac. 318]; *Grantham* v. *Ordway*, 40 Cal. App. 758 [182 Pac. 73]; *Dierks* v. *Newsom*, 49 Cal. App. 789 [194 Pac. 518]; *Randolph* v. *Hunt*, 41 Cal. App. 739 [183 Pac. 358]). But if clear, positive and uncontradicted evidence is introduced in opposition to the *prima facie* case, then the inference is as a matter of law dispelled and disappears from the case, which leaves the evidence establishing that there was no such relationship as the only evidence on the point, without conflict; and in such case the judgment must be limited to $5,000. ■ In other words, it has been definitely held that a *prima facie* case of agency is made out from proof of ownership and permissive use, but that such *prima facie* case, being based on an inference and not a presumption (*Maupin* v. *Solomon, supra,* opinion of Supreme Court in denying hearing; *Fahey* v. *Madden, supra; Kruse* v. *White Brothers*, 81 Cal. App. 86 [253 Pac. 178]; *Pozzobon* v. *O'Donnell*, 1 Cal. App. (2d) 151 [36 Pac. (2d) 236]), falls and the "inference is dispelled as a matter of law when it is rebutted by clear, positive and uncontradicted evidence which is not open to doubt, even though such evidence is produced by the opposite side" (*Engstrom* v. *Auburn Automobile Sales Corp.*, 11 Cal. (2d) 64 [77 Pac. (2d) 1059]; *Crouch* v. *Gilmore Oil Co., Ltd.*, 5 Cal. (2d) 330 [54 Pac. (2d) 709]; *Maupin* v. *Solomon, supra; Fahey* v. *Madden, supra; Bourne* v. *Northern Counties T. Ins. Co., supra; Ransford* v. *Ainsworth, supra; Brown* v. *Chevrolet Motor Co.*, 39 Cal. App. 738 [179 Pac. 697]; *Martinelli* v. *Bond*, 42 Cal. App. 209 [183 Pac. 461]; *Rock* v. *Orlando*, 100 Cal. App. 498 [280 Pac. 377]; *Hammel* v. *Keehn*, 18 Cal. App. (2d) 387 [63 Pac. (2d) 1165]; *McCammon* v. *Edmunds*, 114 Cal. App. 36 [299 Pac. 551]; *Hanchett* v. *Wiseley*, 107 Cal. App. 230 [290 Pac. 311]).

■ Applying the foregoing rules to the facts here presented, it is apparent that the direct, uncontradicted evidence introduced in opposition to the *prima facie* case of agency, as to the circumstances under which the car was being driven, was of such a nature as to leave no reasonable ground for an inference based solely on the facts of ownership and permissive use that at the time of the accident the driver was acting as appellants' agent; and therefore, under the provisions

of subdivision (b) of said section 402, the judgment against appellants in excess of $5,000 cannot be allowed to stand.

Respondents object to the application of the rule laid down in the Engstrom case, *supra*, as to the probative value of inferences, upon the ground that the statement of the rule therein is mere *dictum*. An examination of the opinion in that case clearly shows, however, that the rule set forth therein, as above quoted, is in substance and effect a restatement and reaffirmance of the doctrine previously declared in *Maupin v. Solomon, supra,* and *Crouch v. Gilmore Oil Co., Ltd., supra,* and the other cases cited above. Respondents also contend that the application of the Engstrom case rule to a state of facts such as we have here, would amount to an invasion by the reviewing court of the right of the jury to pass upon the credibility of the witnesses; and that in any event said rule should not be applied where, as here, the rebuttal testimony is given by interested parties. We are of the opinion that there is no merit in either point. As to the former, the decision in the Engstrom case makes it clear that the reviewing court may deal with the question only when it is presented as a matter of law, that is, only when, as here, it appears from the record itself that the inference "is rebutted by clear, positive and uncontradicted evidence which is not open to doubt . . . "; and the answer to the latter point is to be found also in the decision in the Engstrom case, wherein it is expressly declared that such rebuttal testimony may be produced by the "opposite side".

It is ordered, therefore, that the judgment against the appellants Towne be modified by reducing the amount thereof to $5,000, and as so modified it is affirmed. Respondents will recover their costs on appeal.

Tyler, P. J., and Ward, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 18, 1939.