[Civ. No. 838. Fourth Appellate District.—April 15, 1933.]

BRADLEY COMPANY (a Corporation), Appellant, v. EUGENE L. SCOTT, Treasurer, etc., et al., Respondents.

Frank J. Gordon, Bradley & Bradley and Herbert Chamberlain for Appellant.

Guy Knupp and Matthew Weber for Respondents.

VAN ZANTE, J., *pro tem.*—This is an appeal from a judgment denying plaintiff an injunction. The plaintiff

brought suit to enjoin defendants from selling real property in the city of Porterville in a proceeding for the foreclosure of bonds issued under the "Improvement Act of 1911". (Deering's Gen. Laws, Act 8199.)

The facts in this case are undisputed and are aptly set out in the findings of the trial court and we quote therefrom the portions pertinent to this appeal.

"That during the years 1914 and 1915, the defendant Federal Construction Company entered into certain contracts with the board of trustees of the City of Porterville, under and by virtue of that certain act designated as the 'Improvement Act of 1911' and acts amendatory thereof, under which contracts said defendant Federal Construction Company improved certain streets in said City of Porterville by constructing pavements thereon; that assessments for the cost of said improvements were made and issued by the superintendent of streets of said City of Porterville, from which assessments certain owners of property against whose property assessments were levied, appealed to the board of trustees of said City of Porterville from said assessments; that said appeals were, by said board of trustees sustained; that certain of said assessments so levied were against the properties of plaintiff heretofore particularly described. That thereafter and prior to the 9th day of May, 1921, certain litigation was engaged in by the defendant Federal Construction Company and certain owners of property in said City of Porterville which litigation was ended and terminated on said 9th day of May, 1921, . . . " That a "written compromise agreement was executed between said Federal Construction Company as party of the first part and Guy Knupp, C. L. Russell Jr. and Thomas, Beedy and Lanagan as parties of the second part, for and on behalf of and representing said property owners in said City of Porterville and in and by said agreement and compromise said Federal Construction Company agreed to assign and transfer the assessments, warrants and diagrams covering the street improvements hereinbefore referred to, to the First National Bank of Porterville with power and authority to collect all amounts due thereunder, or in lieu of the payment of said assessments in cash, to receive all bonds that might be issued representing unpaid assessments and instructing and authorizing said bank to

pay over to Guy Knupp 25% of all amounts paid upon said assessments in cash and 25% in amount of all bonds issued to represent unpaid assessments. It being the understanding and agreement of the parties thereto, that the said Federal Construction Company was to have and receive as full compensation for the work and labor performed by it, 75% of all amounts unpaid as shown upon said assessments, warrants and diagrams without interest except from and after the date which said assessments, warrants and diagrams shall bear after being redated, re-recorded and re-issued in accordance with said agreement. That thereafter and in accordance with the terms of said agreement, all of said assessments, warrants and diagrams were assigned to the First National Bank of the City of Porterville, and the said bank was authorized and instructed to collect and did collect all unpaid assessments thereunder. That 75% in amount of all cash received by said bank was turned over to defendant Federal Construction Company and 75% in amount of all bonds was turned over to defendant Federal Construction Company and that 25% in amount of all cash received by said bank was turned over to Guy Knupp and 25% in amount of all bonds received by said bank was turned over to Guy Knupp. That the bonds so held by defendant Federal Construction Company and covering the real properties herein described constitute a portion of 75% of the total bonds issued received by it in accordance with the agreement of May 9th, 1921, and herein referred to.''

There is no contention that the above findings are not supported by substantial evidence. But plaintiff does contend that the judgment based on above findings should be reversed because ''the bonds in suit were issued for 25% more than the cost of work or improvement and are invalid to that extent''.

We find no evidence in the record to support plaintiff's contention that the bonds in suit were issued for 25 per cent more than the cost of work or improvement, or in other words, the contract price. Manifestly the above findings show that the 75 per cent in amount of all cash and the 75 per cent in amount of all bonds eceived by the bank and by the bank turned over to the Federal Construction Company and the 25 per cent in amount of all cash and the 25 per cent in amount of all bonds received by the bank and

by the bank turned over to Guy Knupp constitute the cost of the work or improvement. It should be observed here that only the bonds turned over to the defendant Federal Construction Company are involved in this action. We think the court committed no error in rendering judgment for the defendants.

Plaintiff has attempted to appeal from an order denying motion for new trial. No appeal lies from such order and the appeal therefrom is dismissed.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 12, 1933.