[S. F. No. 15763.   In Bank.—September 30, 1937.]

WILDER WIGHT, Respondent, v. ALMA REBECCA ROHLFFS, as Administratrix, etc., Appellant.

M. A. Ross and Eloise B. Cushing for Appellant.

H. Raymond Hall for Respondent.

LANGDON, J.—This is an action to enforce a creditor's claim against an estate, and to obtain an accounting. The action was twice tried, and the evidence on the main issues is conflicting and not wholly satisfactory, but we have reached the conclusion that it is sufficient to sustain the judgment.

In 1917 plaintiff and the decedent, Patrick Cahill, were the owners of an olive grove of some 82 acres in San Joaquin County, which they intended to subdivide and sell at a profit. Both parties had invested money in the enterprise, plaintiff's contribution amounting to about $4,600, the investment of Cahill being considerably larger. The property was encumbered by a first deed of trust for $20,000 and a second mortgage for $2,800. Plaintiff was partly incapacitated and Cahill was left in charge of the management and sale of the property. The foundation of the present action is an instrument executed by Patrick Cahill on December 9, 1918, reading as follows:

"I hold in trust for Wilder Wight one-third of the Cherokee Olive Farm, the description of which is the South 82.70 acres of the Southeast Quarter of Section 24, Township 3 North, Range 6 East, M. D. B. & M., in San Joaquin County, California, subject to a loan secured by a Deed of Trust to the Portuguese American Bank of San Francisco, California, for $20,000, and subject to a second mortgage to the Bank of Italy of Stockton, California, for $2,800, and subject to an accounting between us.

"Dec. 9, 1918.

"PATRICK CAHILL."

Various parts of the tract were sold from time to time until in 1925 the encumbrances were fully discharged and the remaining parcel was clear. This parcel was sold in 1929. Plaintiff had no knowledge of the sale until 1931, when Cahill died. His creditor's claim was thereafter made for an accounting of his share of the profits, based upon a one-third interest in the property. This was rejected, and the action was brought. The first trial resulted in judgment for defendant, but a motion for new trial was granted, and on the retrial, judgment went for plaintiff. Defendant appealed.

■ Although some question was raised in the lower court as to the authenticity of the trust instrument, it was not successfully challenged, and the finding of the trial court that it was executed and delivered by the decedent, at its date, December 9, 1918, must stand. It necessarily follows that the estate of the decedent was bound to account to plaintiff for one-third of the profits of the venture.

■ Defendant's main case was based upon a grant deed from plaintiff to the decedent, dated March 5, 1918, prior to the date of the trust instrument, and a contemporaneous receipt reading: "$5200. Oakland, California, March 5, 1918. Received from Patrick Cahill the sum of $5200 in payment of my one-third interest in the Cherokee Olive Ranch according to a deed this day executed. Wilder Wight." Defendant claims that this shows that Cahill paid plaintiff in full for his interest. But this would have the effect of nullifying the trust instrument of later date. There is nothing in the record to explain the receipt. Neither party produced evidence to show the circumstances under which it was made, and defendant did not produce canceled checks or other evidence to. establish the fact of the payment mentioned therein. It is obviously inconsistent with the later trust instrument, the validity of which, as already stated, was established by sufficient evidence. Moreover, plaintiff, though prevented from answering many questions by reason of the statute making a party incompetent to testify in an action against a decedent's estate, as to matters occurring before death, produced witnesses corroborating the fact of the trust relationship. Joseph Merani, a realtor, who had known the decedent and his son Sumner Cahill for many years, testified that on several occasions, as late as 1925, Patrick Cahill

acknowledged that Wilder Wight owned a one-third interest in the farm. He also testified that Patrick Cahill had declared that Sumner Cahill was his agent, that he attended to all his business, and that Sumner Cahill likewise had mentioned Wight's interest in the tract. A. J. Beckett, a contractor, testified that plaintiff had introduced Patrick Cahill as "his partner" without objection by Cahill. Henry R. Vail, an insurance broker, testified that he had written insurance for the parties for many years, and that in 1919 and 1925 Patrick Cahill had told him that Wight was still interested in the farm. We accordingly conclude that the evidence of the deed and receipt is not sufficient, on this appeal, to overcome the findings and judgment upholding the trust.

Defendant raises the defenses of the statute of limitations and laches, but there is no showing either of undue delay or of prejudice resulting therefrom. Plaintiff, living abroad, made his claim promptly upon discovery of the facts justifying it. The decedent, as far as the record shows, never repudiated the trust.

Defendant made a motion during pendency of the appeal to introduce additional evidence, which motion was continued for disposition with the appeal. In our view the proposed evidence would not be determinative of the case, and accordingly the motion is denied.

No other points require discussion. The judgment is affirmed.

Edmonds, J., Curtis, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.