[Civ. No. 2082. Fourth Appellate District.—October 14, 1938.]

FRANK M. CHICHESTER, as Trustee in Bankruptcy, etc., Appellant, v. ADDIE L. SEYMOUR, Respondent.

Harry Ashton for Appellant.

Stanley T. Howe for Respondent.

GRIFFIN, J.—Appellant, as trustee in bankruptcy of Reuben P. Underwood, commenced an action based upon an alleged destroyed promissory note, claimed to be dated January 1, 1929, for the sum of $9,600, and made, executed and delivered to the bankrupt. According to the allegations of the complaint the note was subsequently destroyed by respondent, without payment. From a judgment for respondent and an order denying a motion for new trial, appellant has appealed.

On October 30, 1935, Reuben P. Underwood was adjudicated a bankrupt and Frank M. Chichester was thereafter duly appointed trustee in bankruptcy. The bankrupt did not schedule the alleged note in the bankrupt proceedings, but later disclosed the facts, as claimed herein, to the trustee. After demand for payment upon respondent the trustee instituted this suit.

The bankrupt testified that he presented the note to the respondent in September, 1935, at her home in Algona, Iowa, and that respondent obtained the note from him for the purpose of examination, and thereupon destroyed the same by tearing and shredding it, and refused to pay it.

The fact that such a note as described by this witness existed, was corroborated by the testimony of two other witnesses. All of the facts appertaining to the existence, execution or delivery of any such note were denied by the respondent in the answer as well as by direct testimony. There is no other evidence on the subject.

The court found, among other facts, that no such note was ever made, executed or delivered by respondent.

The appellant's contention is that the judgment is erroneous and should be reversed with directions to enter judgment for appellant upon two separate and independent grounds:

First: That the trial court erred in its finding that no such note was ever made, executed or delivered by respondent.

Second: There was no testimony tending to show lack or failure of consideration. The court made an additional general finding under the pleadings that the note was entirely without consideration.

Appellant claims that the court also erred in so finding.

In disposing of the first ground of claimed error the familiar rule must be applied, i. e., where there is a conflict of evidence and there is evidence to support the finding, the question presented is one of fact and not of law, and the decision of the trial court thereon is final. (*Fox* v. *Sherwood*, 7 Cal. App. (2d) 265 [45 Pac. (2d) 1026]; *Bixby* v. *Pickwick Stage Co.*, 131 Cal. App. 739 [21 Pac. (2d) 972].)

The court having specially found that no such note was ever made, executed or delivered, the second general finding that there was no consideration for the execution of the note becomes mere surplusage and is not essential to support the judgment. (*Wallace Ranch Water Co.* v. *Foothill Ditch Co.*, 5 Cal. (2d) 103 [53 Pac. (2d) 929].)

Appellant's attempted appeal from the order denying the motion for a new trial is dismissed. (*Bradley Co.* v. *Scott*, 131 Cal. App. 251 [21 Pac. (2d) 115].)

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.