[Civ. No. 3229. Fourth Dist. Oct. 25, 1943.]

EVA M. HOOVAL, Individually and as Administratrix, etc., Appellant, v. JOHN H. HOOVAL et al., Respondents.

Fred A. Wilson for Appellant.

Daily & Gallaudet and Swing & Swing for Respondents.

GRIFFIN, J.—Peter J. Hooval died August 25, 1939, leaving as his heirs the plaintiff, his widow, and the defendant John H. Hooval, a son by a former marriage. The action was instituted by the widow against the son and Elsie McLeran Hooval, the son's wife, to set aside conveyances made by the husband during his last illness, alleging fraud and undue influence. The remaining defendants consist of a bank and three building and loan associations in which the husband had monies deposited or invested. By the conveyances the son received two certificates, one for $10,000 and one for $6,700 in a building and loan association; another certificate for $15,000 in another association, a pass book account for $873.84 in another one; and a checking account of $813.70 in a bank and a savings account of $2,289.20 in the same bank. The son's wife received a pass book of $2,447.87 and other property, all aggregating $3,447.87, in addition to the home property. The widow received nothing except a $1,000 certificate which had been issued by the Home Association in her name. The trial court rendered judgment in favor of the son and his wife and permitted the $1,000 certificate to remain in the name of the plaintiff which he adjudged to be her property. Plaintiff appealed from the judgment.

There apparently was considerable objection by the son to the marriage of his father to the plaintiff. Considerable evidence was offered which might indicate that the son took

some steps to have the father, during his last illness, transfer the property to the son and his wife. On the other hand, there is also evidence that prior to the death of the first wife, John's mother and father entered into some agreement in which they agreed that their son John would receive all of their property after his father's death and that in pursuance of the agreement, a deed which referred to this agreement was executed and recorded.

There is testimony of the attending physicians and nurses to the effect that at the time the transfers were made Peter J. Hooval was "perfectly normal" as to his mental state, and that there were no signs of "mental upset" or "mental weakness."

From an examination of all the evidence, it clearly appears that only a conflict in the evidence resulted and that the question was for the trial court to determine. (*Chichester* v. *Seymour*, 28 Cal.App.2d 696 [83 P.2d 301].) No abuse of discretion appears.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.