[Civ. No. 14530. Second Dist., Div. Two. Mar. 27, 1945.]

WILLIAM A. WHITE et al., Respondents, v. ROY WATERS et al., Appellants.

James S. Jarrott for Appellants.

Birger Tinglof for Respondents.

McCOMB, J.—This is an action to quiet title to a parcel of land. The action was originally instituted by Margaret J. Waters, widow of Elias Waters, deceased, against Lily Edwards and Roy Waters, children of Elias Waters by a former marriage and his sole heirs at law. Margaret J. Waters died prior to trial, and her sons by a former marriage, William A. White, Albert H. White and George L. White, presented a deed from their mother and were substituted as plaintiffs. From a judgment in favor of plaintiffs, defendants appeal.

The evidence being viewed in the light most favorable to plaintiffs (respondents), and pursuant to the rules set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 216 et seq. [146 P.2d 424], the essential facts are:

On March 28, 1937, Elias Waters had a family conference with his wife, Margaret J. Waters, age sixty-two, and two adult children by a prior marriage, Lily Edwards and Roy Waters, for the purpose of making a division of Elias Waters' property. An amicable division was agreed upon. Elias Waters then requested his attorney to prepare deeds, which was done, and on March 29, 1937, in the presence of his wife, two children, his attorney and a notary public, Elias Waters signed and acknowledged three joint tenancy deeds. In one deed Mr. Waters, as grantor, conveyed to himself and his wife, Margaret J. Waters, as joint tenants with right of survivorship, the property which is the subject of the present litigation. This deed, with two other deeds, was then handed by Mr. Waters to his wife with instructions to record the three deeds after his death. Mr. Waters died April 4, 1937. After his death Mrs. Waters caused the joint tenancy deed to be recorded in the county recorder's office at Los Angeles. Approximately three years later, Mrs. Waters was advised by a title company that Roy Waters and Lily Edwards claimed that her title was defective because the deed to her had never been delivered. The present quiet title suit was then instituted which resulted in a judgment from which the present appeal is prosecuted.

There are two questions presented for our determination which will be stated and answered hereunder seriatim:

First: *Did the trial court properly consider a change which Mrs. Margaret J. Waters made in her deposition at the time she signed it?*

This question must be answered in the affirmative. The testimony of Mrs. Waters, who was dead at the time of the trial, was introduced through a deposition which she had given. Mrs. Waters testified at the time her deposition was taken, that on March 29, 1937, she was present when her husband executed three deeds, one of which is here in question; that after executing the deeds her husband said to her, ''Take them and put them away.'' She also testified in response to certain questions thus:

''Q. After the deeds were signed by Mrs. Waters, did he hand them to you? A. Yes, he handed them to me and told me to put them away.

''Q. To put them where you and he put your property papers. A. Yes.''

At the time Mrs. Waters executed her deposition she changed her testimony to read that her husband told her to ''Take them [referring to the deeds] and put them away, record them after my death.'' Clearly, such change in Mrs. Waters' deposition was authorized by section 2006 of the Code of Civil Procedure which reads in part, that after a deposition has been taken and transcribed ''it must be carefully read to or by the witness and *corrected by him* in any particular, if desired.'' (Italics added.)

Second: *Was there substantial evidence to sustain the trial court's finding that the deed here in question was delivered to the grantee, Mrs. Margaret J. Waters?*

This question must likewise be answered in the affirmative. The possession of a deed by the grantee named therein raises a presumption that the deed was delivered. (*Butler* v. *Woodburn*, 19 Cal.2d 420, 425 [122 P.2d 17]; *Stewart* v. *Silva*, 192 Cal. 405, 409 [221 P. 191]; *Rivera* v. *Ron*, 51 Cal.App.2d 702, 704 [125 P.2d 517].)

In the instant case the foregoing presumption applies because the deed was in the possession of the grantee named therein and a certified copy of the deed was produced at the trial by the grantee's successors in interest. This presumption and the testimony of Mrs. Waters that her husband had

signed the deed and handed it to her, saying, "Take them and put them away, record them after my death," constituted substantial evidence to sustain the trial court's finding that the deed was in fact delivered to Mrs. Waters. We need not cite authority to support the proposition that contradictory inferences and conflicting testimony must be disregarded by this court.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.