[Civ. No. 15074.   Second Dist., Div. Two.   Dec. 4, 1945.]

FLORENCE M. BILSLAND, as Administratrix With the Will Annexed, etc., Plaintiff and Respondent, v. VERDA B. KENNEDY, Appellant; RALPH G. WALKER, as Administrator, etc., Cross-defendant and Respondent.

Benjamin S. Crow for Appellants.

Richard C. Fildew and Musick, Burrell & Pinney for Respondents.

McCOMB, J.—From a decree quieting title in plaintiff, defendant Verda B. Kennedy appeals.

The evidence being viewed in the light most favorable to plaintiff (respondent), the essential facts are:

Mrs. Margaret Bridgford owned a house and lot located at

1516 17th Street, Los Angeles. Her foster daughter, defendant Verda B. Kennedy, married defendant R. M. Kennedy prior to 1919. On July 1, 1937, Mrs. Bridgford accompanied her son-in-law on a short trip in Los Angeles to collect some rent from a tenant of Mr. Kennedy. While they were in the automobile Mrs. Bridgford said she wanted to give the property she lived in to Verda Kennedy, whereupon Mr. Kennedy told Mrs. Bridgford that ''we might get a deed and a Notary right here if you want to transfer the property,'' whereupon they went into the office of Mr. Eisinger for a deed and a notary. Neither one being available in Mr. Eisinger's office, he took them around the corner and introduced them to Mr. Rasmussen from whom they obtained a quitclaim deed which was executed by Mrs. Bridgford naming Verda Kennedy as grantee. The deed was then handed to Mr. Kennedy with instructions for him to keep the deed and to have it recorded only in the event that Mrs. Bridgford should move to Oregon or if she no longer had any use for the property.

July 3, 1943, Mr. Kennedy gave Mrs. Verda Kennedy an envelope containing the deed and asked her to have it recorded in the county recorder's office. Mrs. Kennedy did not know the contents of the document when she had it recorded pursuant to her husband's instruction. On August 26, 1943, Mrs. Bridgford, when preparing a will by which she left the property above-described to Mrs. Bilsland, learned for the first time the deed had been recorded and at such time said she had never signed such a deed. Thereafter she instructed her attorney to institute the present suit to quiet title to the property.

On February 22, 1944, Mrs. Bridgford died and Florence M. Bilsland, administratrix of her estate, was substituted as plaintiff in the present action. Defendant R. M. Kennedy also died before the case was tried and his evidence was received in the form of a deposition which had previously been taken.

■ This is the sole question necessary for us to determine:

*Was the deed which Mrs. Bridgford had executed July 1, 1937, delivered to Mrs. Verda B. Kennedy?*

This question must be answered in the negative and is governed by this rule:

Where a deed is given to a third person to hold until the happening of a contingency it does not operate as a delivery to the grantee until the fulfillment of such condition, and a delivery by the depositary contrary to the direction of the grantor does not pass title. (*Bank of Healdsburg* v. *Bailhache*,

65 Cal. 327, 329 et seq. [4 P. 106]; *Whitney* v. *Sherman,* 178 Cal. 435, 438 [173 P. 931]; 26 C.J.S. (1914) Deeds 244 § 43-d. See, also, *Gould* v. *Wise,* 97 Cal. 532, 536 [32 P. 576, 33 P. 323].)

Applying the foregoing rule to the facts in the instant case, it appears from the only evidence upon the subject, that of Mr. Kennedy which was received through his deposition*, that the deed was delivered to him to be held until Mrs. Bridgford moved to Oregon or some other place and then to be delivered to Mrs. Kennedy. Since it is conceded that Mrs. Bridgford never moved from her home the contingency never arose upon which the deed was to be delivered and therefore the manual tradition by Mr. Kennedy to Mrs. Kennedy did not constitute a legal delivery and was ineffectual to convey title to Mrs. Kennedy. The trial court properly found that, the deed not having been delivered, Mrs. Bridgford had not divested herself of title to the property in question and the same passed to her heirs at the time of her death.

There is no merit in defendant Verda Kennedy's contention that plaintiff was barred from relief because she had not offered to restore to defendant a sum equivalent to the alleged indebtedness from Mrs. Bridgford to Mr. Kennedy. Mr. Kennedy's testimony was highly conflicting and concededly false in several instances, with the result the trial judge was thoroughly justified in disregarding his evidence to the effect that the deed had been given to him partly in liquidation of an indebtedness owed by Mrs. Bridgford to him.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied December 27, 1945, and appellant's petition for a hearing by the Supreme Court was denied January 31, 1946.

---

*Mr. Kennedy's deposition relative to the condition under which he received the deed from Mrs. Bridgford read in part as follows:

"She could stay there as long as she could use the property. In other words, if she moved away to Oregon, or some place else, and left the property stand there she would no longer have it."