[Civ. No. 3467. Fourth Dist. Sept. 18, 1947.]

G. CRAWFORD, Appellant, v. W. E. RAGAN et al., Respondents.

Jess G. Sutliff for Appellant.

Robert D. Loundagin for Respondents.

GRIFFIN, Acting P. J.—This is an action to recover a balance claimed due plaintiff and appellant from defendants and respondents growing out of an oral agreement whereby appellant agreed to move certain houses from Bishop to Inyokern at respondents' request, for the sum of $2,800 and an additional sum of $23.50 claimed due for materials furnished and labor performed. It is conceded that respondents paid appellant the sum of $2,471.37 on account. Plaintiff's action was for the claimed balance of $352.23.

Respondents, by their answer, admitted the payment made, but claimed by way of counterclaim that they only agreed to pay appellant the reasonable value of services performed in moving the houses, and further claimed that appellant transported and unloaded one of respondents' buildings in a careless manner with insufficient timbering, causing the framework to warp and sag, and claimed other defective workmanship. They sought damages against appellant in the sum of $1,225.

The trial court denied appellant an affirmative judgment but gave judgment in favor of respondents on the counterclaim "as a set-off only against the unpaid balance of $352.23" claimed due by appellant.

Appellant contends that there is not sufficient evidence to justify the judgment for respondents and that there is "an abundance" of evidence to justify judgment in his favor. We agree with appellant that there is "an abundance" of evidence to justify a judgment in his favor in the total sum sought. However, by the court's judgment, it has allowed that sum in full but has also allowed $352.23 as an offset, so the only question before us is whether the evidence supports the offset thus allowed.

Respondent W. E. Ragan testified that in moving the house appellant represented to him that "there may be paper-cracking damage" but did not tell him that there would be "partition damage." In reference to this damage he testified that he was present and that appellant, in letting the building down with jacks, failed to put timbers under any of the "main court" which had cement floors; that he jacked them down unevenly by letting one side down about 18 inches before he ever touched the other jacks, as a result of which "the partitions were knocked out" and the "plumbing wrecked," and that particular portion of the building was left 34 inches away from the other sections; that he protested while appellant was

letting the building down but that he paid no attention to him. Many other and similar damages were described by the witness. He then testified that it cost him approximately $1,200 to repair the damage as a "result of the moving"; and that it would be necessary to send to Los Angeles to obtain moving equipment to align the building.

The question of the weight to be given the evidence of respondents, opposed to that produced by appellant, was for the trial court to determine. (*Chichester* v. *Seymour,* 28 Cal. App.2d 696 [83 P.2d 301].)

Without further recitation of the evidence it is clear from a reading of the transcript that the record fully supports the trial court's judgment in the amount of the offset allowed by way of damages.

Judgment affirmed.

Marks, J., concurred.