[Civ. No. 4312. Fourth Dist. Feb. 28, 1951.]

BETTY BEAUDREAU, Respondent, v. CHESTER T. ALLEN, Appellant.

Calvin H. Conron, Jr., for Appellant.

Siemon & Siemon for Respondent.

GRIFFIN, Acting P. J.—Action for rents. On August 31, 1949, defendant and appellant, by written instrument, leased from plaintiff and respondent, for a period of five years, about 5,000 acres of land in Kern County. Nearly 1,000 acres of this ranch was classified as lowlands and about 500 acres thereof were tillable. The remaining portions were highlands fit for grazing. Defendant agreed to pay plaintiff $4,500, payable $2,000 down, $7,000 on December 15, 1949, and $4,500 per year thereafter. The lease also gave defendant an option to purchase the ranch after three years, for the sum of $100,000. In connection therewith defendant, under written contract of sale, agreed to purchase certain described agricultural implements located on the property for $4,000, payable $500 upon the execution of the agreement and the balance of $3,500 by December 15, 1949. Plaintiff, at the time, was in bankruptcy, and secured the permission of the Conciliation Commissioner to execute the instruments and also obtained permission to employ counsel to enforce the provisions thereof in plaintiff's name. Defendant paid $2,000 down, took possession, and pastured about 204 cows. No further payments were made. This action is for recovery of $7,000 rent due and for $3,500 balance claimed due under the conditional sales contract for farming equipment.

Defendant, by answer, admits no further payments were made than here noted, but sets forth therein that plaintiff was guilty of fraud in obtaining the lease in that she previously represented to defendant "that said lands had not been grazed for a period of three (3) years, and had a three-year growth of grass growing thereon; that defendant believed the said representation of plaintiff and relied thereon, and that but for said representation defendant would not have entered into said lease; . . . That after the execution of said proposed lease defendant went into possession of said lands and premises, and purchased and stocked said land with 204 head of cattle, and after grazing the lowlands which were available to defendant at the time of the execution of the said lease and at all times, defendant attempted to turn said cattle into the mountain grazing land, and upon said occasion for the first time discovered said grazing lands not to contain a three years growth of grass, but in truth and in

fact defendant discovered said lands to be barren and unsuitable for grazing cattle at all.'' He claims he suffered damages thereby amounting to approximately $7,500; that defendant thereafter ''offered to surrender possession of said premises upon the return to defendant of the down payment of rent; that plaintiff has refused and still refuses to refund the said money, but thereupon requested defendant to continue in possession of said property and promised to make an equitable readjustment of the rentals provided in the said lease and to defer the rental dates; that relying upon such further promise of plaintiff, defendant has remained in possession thereof and has cultivated and planted approximately 400 acres to a crop of barley, of the present value of $8,000.00 . . . that concurrently with the offer of defendant to surrender possession of said leasehold estate defendant offered to surrender possession of said personal property upon the condition that plaintiff refund to defendant the sum of $500.00, paid by defendant at the time of the execution of said alleged agreement. . . .'' It is further alleged that plaintiff failed to deliver to defendant one plow and one disc described in the contract of purchase, valued at $750. Defendant then asked for rescission of the lease and agreement and that the damages accruing to defendant be offset against any sums found due plaintiff.

About the time the case came on for hearing, counsel for defendant discovered that his client and plaintiff were being jointly sued by one Sanders, a bankrupt, through his trustee, for damages for $1,500 for the value of a certain grain crop growing on the land, claimed to have been planted there under an oral lease with plaintiff, which crop defendant's cattle had devoured. Defendant immediately asked for a continuance of the instant action for the purpose of filing further defenses therein, and moved to consolidate the present action with that action.

The main question presented on this appeal is the sufficiency of the evidence to support the finding of the court that plaintiff was guilty of no fraud or misrepresentation which induced defendant to enter into the lease. The evidence on this question is somewhat in conflict. It is defendant's story that he and two others went to plaintiff's ranch, inquired about the pasture and rental terms; that plaintiff told defendant that the ''ranch hadn't been fed on for three years''; that the only inspection he made of the property was just what he could ''make on foot and in a car'', i. e., the lower

grounds and rolling hills containing approximately 1,000 acres; that he believed plaintiff's representations as to the three-year growth of feed on the highlands.

Plaintiff testified that defendant drove all over the lower part of the ranch; that she not only suggested, but insisted, that defendant and the two others with him take her saddle horses and examine the highlands which could not be reached by automobile; that defendant refused because it would consume too much time; that all three replied they were satisfied with the ranch as they saw it; that she did not tell defendant that it had not been grazed for three years or that it had a three-year crop of grass untouched. In this connection the court found:

". . . that plaintiff informed defendant before the lease was made that she had not grazed the land for a period of three years, which was true; but that some of said lands had been grazed to some extent by stray stock; urged the defendant to make an investigation of such matter for himself, and offered to furnish him saddle horses with which to make such investigation; that defendant did not avail himself of said offer, did not make such investigation; but expressed himself as being satisfied with the condition as represented by plaintiff as aforesaid; and that it was not true that defendant would not have entered into said lease except for the representations he alleges were made by the plaintiff."

At this point it should be noted that counsel for defendant moved this court, at the time of the argument on appeal, under rule 23 of the Rules on Appeal, and section 956a of the Code of Civil Procedure, to take additional testimony bearing on this evidence. He claimed, by affidavit, that since the perfection of the appeal he was told that plaintiff had executed a lease, and 164 head of cattle were grazing on plaintiff's premises from November, 1947, to July, 1948, and that rent was paid to plaintiff for that period. By counteraffidavit plaintiff claims that such cattle as were pastured there during the period in question were on the lowlands, which land was thoroughly inspected by defendant; that she had no knowledge of these cattle ever grazing on the highlands; that defendant Allen told her he did not intend to graze the ranch until spring of 1950; that he intended to fatten the cattle on the stubble and the partial crop of grain then growing on the lowlands and then he would sell the fattened cattle on the market.

The proposed evidence, if taken, would but create further conflict on the subject under discussion and upon which the trial court made definite findings. The granting of an application to take additional testimony is subject to several limitations. (*Estate of Schluttig,* *(Cal.App.) 218 P.2d 819; *Tupman* v. *Haberkern,* 208 Cal. 256, 268 [280 P. 970] ; *Burton* v. *Los Angeles Railway Corp.,* 79 Cal.App.2d 605 [180 P.2d 367] ; *Helmer* v. *Helmer,* 87 Cal.App.2d 682 [197 P.2d 558].)

In *Wight* v. *Rohlffs,* 9 Cal.2d 620 [72 P.2d 142], the court held that such a motion should be denied where the proposed evidence would not have been determinative of the case. In our view the proposed evidence here under consideration would be but conflicting and would not be determinative of the case. Accordingly, the motion should be denied.

Defendant next assigns as error the refusal of the trial court to grant a continuance of the original hearing of this case, and the refusal to consolidate this case with the other case brought against plaintiff and defendant for the claimed destruction of the grain crop. We see no merit to this argument. The record shows that this case was at issue and came on for trial March 17. A motion to amend the pleadings was made by the defendant. He was granted until March 21 to amend, and by consent of defendant the court then proceeded to trial on the issues previously presented. The trial was then continued at defendant's request until March 21 for further hearing. No further hearing was had until March 30, at which time all pleadings requested were allowed "to be filed" and the court then announced: "But as far as this court going into the merits of it, I think it would be improper." The reason assigned for the refusal to go into the merits of the new claimed defense was that since the plaintiff in this action was in bankruptcy, it would be improper to consider any claim arising against her in another action since no authority was obtained from the bankruptcy court to so proceed. Counsel for defendant made an offer of proof that in March, 1948, Mrs. Beaudreau made an oral lease of a portion of the property here under discussion to one Sanders for one year, on a crop-sharing rental of three-fourths of the grain harvested; that a crop of barley was planted and not harvested when Mrs. Beaudreau leased the premises to defendant, and that defendant had no knowledge of such oral lease or arrangements; and that his cattle did

---

*A hearing was granted by the Supreme Court on July 20, 1950.

graze on said barley field; that he acted in good faith, under a believed claim of right under his lease. The court sustained an objection to the introduction of this testimony. The objection was that defendant Allen had not yet been subjected to any liability on account of any such claimed transaction nor called upon to make any such payment on behalf of the claimed actions of Mrs. Beaudreau, and that the determination of such a claim against her must be confined to the jurisdiction of the bankruptcy court. Thereafter, the case was submitted for decision.

.There is no showing that the Sanders' action was or ever would be at issue or that the parties and issues of the two suits were the same. The trial court was not obligated nor authorized to consolidate the two actions for trial at that time. (Code Civ. Proc., § 1048; 1 Cal.Jur. pp. 372-373, § 50; *Realty etc. Mortgage Co.* v. *Superior Court*, 165 Cal. 543 [132 P. 1048].) There was no showing that the bankrupt, Sanders, through the trustee, was authorized to bring such action against the bankrupt, Mrs. Beaudreau.

At the trial plaintiff testified, without objection, that she had some oral arrangements with Sanders in reference to the planting of barley, but that Sanders agreed to harvest the crop before August 1st; that the crop was a failure and Sanders started to harvest it but abandoned it about July 15 because it was not worth harvesting; that Sanders had no claim against her under any circumstances. The court made findings on this question and stated that defendant "nowhere claims or asserts in any of said pleadings that he has been compelled to pay or has paid to said third person any demand of the third person against plaintiff, or that said third person has in any manner interfered with his possession of the leased property, or that he has been ousted therefrom; that plaintiff has been adjudged a bankrupt under the provisions of Section 75(s) of the Bankruptcy Act''; and that on or about July 7, 1949, a general order was made by the district court whereby it was ordered that all creditors of the plaintiff be enjoined and restrained from commencing or maintaining any proceedings in any court against plaintiff or any of her property until the further order of the court.

As we view the evidence, the ultimate effect of defendant's offer of proof, if granted, would be to delay the collection of rent due under the lease until it could be determined in the other action, whether or not defendant was entitled to an offset of any recovery that might possibly be obtained in

that action, or that the court erred in refusing to permit the trustee for Sanders to try to prove a liability against defendant in order that defendant might thereafter assert such liability as an offset against the rent.

Defendant does not admit liability under the claim. The facts offered or proved do not establish such liability on the part of the defendant. There is no showing that defendant became liable for a conversion of the grain or that he paid for or became liable for Mrs. Beaudreau's claimed conversion. The refusal of the trial court to hear the proffered testimony and to grant a continuance for that purpose was justified.

Apparently the defendant's claim that a rescission of the lease was effected by the action of plaintiff is not too well founded because, after his claimed discovery of the claimed fraud, he planted the 400 acres to barley, which the court found, at the time of trial, to have a value of $8,000. Counsel for defendant claims this valuation was excessive. We see no particular relevancy to this claim. He claimed that plaintiff and defendant agreed to readjust their differences in some manner, and accordingly he continued to occupy the premises. The trial court found against defendant's contention in this respect.

The ultimate finding was that defendant was indebted to plaintiff for $10,500, plus reasonable attorneys' fees agreed upon in the lease, fixed at $500, and denied any relief to defendant under his pleadings. A motion for new trial on the ground of newly discovered evidence and on all statutory grounds was made and denied. Complaint is made because the court failed to allow defendant's claimed offset for damages suffered by him. The court did find as true that the defendant stocked the land with 204 head of cattle; that he expended $2,500 for feed and disposed of the cattle at a loss of $1,000. It found as untrue that defendant was damaged in the sum of $4,000 or any other sum.

While the items of claimed special damages to defendant are somewhat lacking in evidentiary support, the finding that defendant suffered no damage by reason of any claimed misrepresentation on the part of plaintiff, as heretofore related, has evidentiary support. This finding therefore cannot be disturbed on appeal. (*Chichester* v. *Seymour*, 28 Cal.App.2d 696 [83 P.2d 301].)

Judgment affirmed.

Mussell, J., concurred.