[Civ. No. 4089. Fourth Dist. Mar. 8, 1951.]

IDA HENNELLY, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Executor, etc., et al., Respondents.

Ralph E. Wallace for Appellant.

John D. Chinello, and Harris, Willey & Harris for Respondents.

GRIFFIN, Acting P. J.—Action to set aside deed. This is a companion case to *Bank of America etc.* v. *Hennelly, ante,* p. 750 [228 P.2d 76] 4 Civ. No. 4088, this day decided. Under the decree there affirmed, plaintiff in this action was the owner in fee of an undivided one-half interest, and Dorothy J. Goss and Margaret R. Crow were the fee owners of an undivided one-fourth interest each in and to certain real property situated in the County of Fresno, all subject to the life estate of Rose A. Leverone, mother of Ida Hennelly. In 1946, Mrs. Leverone listed that property with a real estate broker for sale. He produced a purchaser at the price of $17,000, payable in installments. After the opening of the escrow it was discovered by the title company that Mrs. Leverone was only a life tenant and that the fee title was held as above described. The title company prepared a quitclaim deed dated December 14, 1946, wherein the fee owners were named as grantors and Mrs. Leverone the grantee, covering the above-mentioned property, and gave it to the broker to secure the signatures of the fee owners. Several conferences were had with them. Thereafter, Dorothy J. Goss and Margaret R. Crow signed the deed on July 30, 1947, and no question arises in this action as to their quitclaim deed.

Plaintiff Ida Hennelly testified that she refused to sign such a deed unless Mrs. Leverone, her mother, would put the money, the proceeds of the sale, in trust, conditioned that her mother receive a life estate therein with remainder over to the above-mentioned grantors; that the parties met in the office of Attorney Saylor, and that she there signed the deed, but that she instructed the attorney to hold it until such a trust agreement was executed; that the attorney locked the deed in his desk and shortly thereafter, on December 1, 1947, the attorney died. Mrs. Leverone died on December 10, 1947. Between June and September, 1947, Mr. Chinello, attorney for Mrs. Leverone, secured the deed from Mr. Saylor and delivered it to the title company for use in connection with

the sale of the property. It was stipulated that Mr. Chinello did not know of the existence of any purported condition or restriction as to the delivery of the deed until this action was brought in July, 1948. The deed was recorded September 12, 1947, and the sale of the property was completed about that time. Ida Hennelly further testified that she did not authorize the delivery of the deed. However, she admitted that she knew of the impending sale and that in September, 1947, she found the recorded deed in her mother's possession and realized that the sale had been completed. She testified she did not know whether a trust agreement had been signed by her mother. She made no effort to advise the title company or the purchasers of the existence of any purported condition affecting the delivery of the deed, prior to the filing of this action. Her testimony was corroborated to some extent in reference to her insistence that a trust be created so that her mother would not mishandle the proceeds of the sale due to her addiction to drink. The lips of Attorney Saylor and Mrs. Leverone are sealed by death and accordingly their testimony as to the circumstances surrounding the execution and delivery of the deed is not available. Apparently the other grantors saw no reason why plaintiff should create any trust in reference to the sale of the property because, as they stated, it was plaintiff's mother's money and she should be able to have it. They were not exacting any such condition in connection with their quitclaim deed.

After hearing all the testimony and considering the evidence, in connection with the inferences and presumptions arising therefrom, the trial court found that about the 18th of June, 1947, plaintiff executed the quitclaim deed quitclaiming to her mother all of her right, title and interest in and to the real property described; that on that date plaintiff delivered the deed to her attorney, Mr. Saylor, with instructions to deliver said deed to Mrs. Leverone or her attorney; that the deed was not deposited with Mr. Saylor with instructions to deliver it as and when the grantee therein named had executed and delivered to plaintiff the trust agreement as indicated by her; that about June 18, 1947, Mr. Saylor delivered the deed to Attorney Chinello, without limitation and free of any restrictions or conditions attached to said delivery, and that thereafter Attorney Chinello delivered it to the title company for recordation, pursuant to the instructions of Mrs. Leverone. Judgment was that plaintiff had no right, title or interest in or to the property.

Plaintiff's main point is that the evidence is insufficient to support the finding that there was an unqualified delivery of the deed by plaintiff to the purchasers of the property, on the theory that there is no testimony opposed to that of the plaintiff in reference to the claimed qualified delivery of the deed. Defendants argue that a *presumption* of delivery arose from the fact that Mrs. Leverone, the grantee, actually had possession of the recorded deed and that this *presumption* of delivery alone is sufficient to support the finding of the trial court; that the trial court, under the evidence, was justified in finding that the deed was delivered free of any conditions, particularly where clear and· convincing proof of nondelivery was insufficient to completely dispel the *presumption*; that if this were not the rule, titles could be easily defeated and no one could be regarded as being secure in the ownership of land, under the circumstances related, particularly where the rights of innocent third parties have intervened, citing *Ogg* v. *Gunderson,* 74 Cal.App.2d 384 [168 P.2d 793] ; *White* v. *Waters,* 68 Cal.App.2d 517 [157 P.2d 434] ; *Butler* v. *Woodburn,* 19 Cal.2d 420, 425 [122 P.2d 17] ; *Severn* v. *Ruhde,* 58 Cal.App.2d 704, 707 [137 P.2d 466] ; *Smellie* v. *Southern Pacific Co.,* 212 Cal. 540 [299 P. 529] ; *Central Trust Co.* v. *Stoddard,* 4 Cal.App. 647, 649 [88 P. 806] ; 9 Cal.Jur. p. 187, § 74; *Safeway Stores, Inc.,* v. *King Lumber Co.,* 45 Cal.App.2d 17, 23 [113 P.2d 483] ; *Pomper* v. *Behnke,* 97 Cal.App. 628 [276 P. 122] ; and *Miller* v. *Jansen,* 21 Cal.2d 473, 477 [132 P.2d 801].

It is plaintiff's argument that the trial court erroneously confused a *presumption* with an *inference,* as defined by sections 1958 and 1959 of the Code of Civil Procedure, and contends that under *Miller* v. *Jansen, supra,* any *inference* arising in favor of defendant was completely dispelled as a matter of law by the clear, positive, and uncontradicted evidence of the witnesses for plaintiff. Also cited is *Engstrom* v. *Auburn Auto. Sales Corp.,* 11 Cal.2d 64, 70 [77 P.2d 1059] ; *Montanya* v̇. *Brown,* 31 Cal.App.2d 642, 645 [88 P.2d 745] ; and *Bourne* v. *Northern Counties T. Ins. Co.,* 4 Cal.App.2d 69 [40 P.2d 583].

*Miller* v. *Jansen, supra,* is factually different from the instant case. There a duly executed but undelivered deed was found with the grantor's property at the time of her death. The trial court held that there was no delivery shown. Defendant relied upon the presumption mentioned in section

1055 of the Civil Code that a grant duly executed is presumed to have been delivered at its date. The Supreme Court there held that a duly signed and *delivered* instrument is presumed to have been *delivered at its date,* not that it was presumed to have been *delivered.*

The facts in the instant case show that the deed was duly signed and executed and was in fact delivered to the title company by the agent of the grantee and was recorded and returned to the grantee. Under these circumstances possession by the grantee gives rise to an *inference* that the instrument was duly delivered. (*Miller* v. *Jansen, supra,* p. 477, and cases cited.) After delivery of the deed was in fact made, and the deal consummated, the burden was upon the grantor to establish the fact to the satisfaction of the court that some unperformed condition was attached to its delivery. Under section 1056 of the Civil Code, a grant cannot be delivered to the grantee conditionally. Delivery to him, or to his agent as such, is necessarily absolute, and the instrument takes effect thereupon, discharged of any condition on which the delivery was made. The rule is that it is not always possible for a party to a lawsuit to introduce evidence directly bearing upon the existence of a fact that he is attempting to prove. The evidence available to him may serve only to establish the existence of certain primary facts that are logically connected with the material facts. If a court can reasonably infer from these primary facts that the material fact exists, the party has introduced sufficient evidence to entitle him to have the court decide the issue, and it is not the rule that the court must accept as true all direct evidence offered in opposition to an inference. If the direct evidence to the contrary is not clear, positive, and uncontradicted, and is not free from any doubt, the court is entitled to reject it. (*Huddy* v. *Chronicle Publishing Co.,* 15 Cal.2d 554, 568 [103 P.2d 421]; *Tsirlis* v. *Standard Oil Co.,* 32 Cal.App.2d 469, 476 [90 P.2d 128]; *Blank* v. *Coffin,* 20 Cal.2d 457, 460 [126 P.2d 868].) Whether a particular inference can be drawn from certain evidence is a question of law, but whether an inference shall be drawn, in any given case, is a question of fact for the trial court or jury as the case may be. (10 Cal.Jur. 738, 739, § 60; *Garland* v. *Hirsh,* 74 Cal.App.2d 629 [169 P.2d 405].). It is hardly consistent that if such a condition had been attached to the delivery of such a deed, plaintiff would have remained silent

after learning of the recordation of said deed and the completion of the sale to the purchaser for approximately a year before taking any action. It would appear more than reasonable that if such conditional delivery were attached to the deed, plaintiff, upon discovery of the fact that it had been recorded and the sale completed, would have immediately advised the purchasers, the title company, her mother, the grantee, or her attorney, of the claimed fact, and apprised them of this claim prior to her mother's death. Clearly, the innocent purchaser did not know and could not foresee that plaintiff, in July, 1948, would assert that there had been no delivery of the deed from plaintiff to her mother. (*Safeway Stores, Inc.*, v. *King Lumber Co.*, 45 Cal.App.2d 17, 23 [113 P.2d 483]; *Schnier* v. *Percival*, 83 Cal.App. 470 [256 P. 1109]; 1 Cal.Jur. 773, § 65.) In the instant case the testimony presented a question of fact and it was incumbent on the trial court to make an honest effort to arrive at the truth and to disregard testimony which, for valid reasons, impressed it as untrustworthy. In passing on the credibility of the witness it was authorized to consider plaintiff's interest in the result of the case. (27 Cal.Jur. 180, § 154; Code Civ. Proc., § 2061, par. 2.) It was not shown as a fact that Mrs. Leverone did not sign such a trust agreement. Plaintiff's testimony was that "I don't know if anything like that was done." Therefore, the questions as to whether there had been a delivery of the deed and as to whether or not there was a condition attached to its delivery were factual questions for the trial court to determine. The findings in this respect may not be disturbed on appeal. (*Chichester* v. *Seymour*, 28 Cal. App.2d 696 [83 P.2d 301].)

Several other claimed equitable reasons are advanced by plaintiff why the judgment should be in her favor. We have carefully analyzed them and conclude that they would not authorize this court to overturn the findings of the trial court that plaintiff was not entitled to the relief sought.

Plaintiff moved, in this court, over objection, for permission to take additional testimony under rule 23(b) Rules on Appeal. That motion was submitted to be determined at this time. The affidavit recites, in general, that the purchasers of the property here involved paid $5,000 on the original purchase price and agreed to pay $1,000 in annual payments thereafter on the trust deed and note for the balance of $12,000; that at the present time three annual payments,

plus interest, are past due; that on February 10, 1951, the purchasers informed plaintiff's attorney they did not intend to pay any more on the note and trust deed and that a notice of default had been filed at the instance of the defendant Bank of America.

The granting of an application to take additional testimony is subject to several limitations. (*Estate of Schluttig,* *(Cal. App.) 218 P.2d 819; *Tupman* v. *Haberkern,* 208 Cal. 256, 268 [280 P. 970]; *Burton* v. *Los Angeles Ry. Corp.,* 79 Cal. App.2d 605 [180 P.2d 367]; *Helmer* v. *Helmer,* 87 Cal.App. 2d 682 [197 P.2d 558].) In *Wight* v. *Rohlffs,* 9 Cal.2d 620 [72 P.2d 142], the court held that such a motion should be denied where the proposed evidence, if received, would not have been determinative of the case. Here, the court found that the deed was delivered, subject to no conditions. Even if the proffered evidence were produced it would not be determinative of the case. Accordingly the motion should be denied.

Motion to take additional testimony denied. Judgment affirmed.

Mussell, J., concurred.

*A hearing by the Supreme Court was granted on July 20, 1950, and the final opinion is reported in 36 Cal.2d 416 [224 P.2d 695].