[Civ. No. 16039.   First Dist., Div. Two.   Dec. 27, 1954.]

MAX SCHMIDT et al., Appellants, v. THE CITY OF MILLBRAE et al., Respondents.

E. C. Mahoney, Freed & Freed, Eli Freed and Eugene A. Mash for Appellants.

Richard P. Lyons and Conrad B. Reisch for Respondents.

NOURSE, P. J.—Plaintiffs sued to cancel a deed to described real property within the corporate limits of the defendant city. The complaint alleged, and the evidence supported the allegation, that plaintiff Schmidt had an oral agreement with the mayor of the city in which Schmidt executed and delivered to the mayor a deed to the disputed property with the oral agreement between them that the property would be used solely for a site for a new city hall. The city council accepted the deed and caused to be erected on the site a sign reading: "Site of New Millbrae City Hall." This remained on the property for two years, when the city removed it and repudiated the agreement.

On the trial the plaintiffs fully proved all these facts; the city did not controvert them in any particular, but relied wholly on the defense that the mayor's agreement, not being a legal contract on the part of the city, was not an enforceable contract.

There is no answer to the statement of the trial judge made at the conclusion of the hearing: "I suspect that the Plaintiff was rooked, but legally I can't do anything about it."

■ There can be no controversy over the law of the case as applicable to these facts. The contract relied on was oral, and made by one member of the city council only. There is no evidence that it was approved by a majority of the council or that the acceptance of the deed was based on the conditions advocated by appellants.

Manifestly it was a dishonorable and dishonest act on the part of the council to repudiate the conditions under which the deed was executed and delivered to the city, and in all fairness the property should have been restored to the grantors.

However the law is settled that "A grant cannot be delivered to the grantee conditionally." (Civ. Code, § 1056; *Security-First Nat. Bank* v. *Leatart*, 75 Cal.App.2d 211, 214 [170 P.2d 687].)

Judgment affirmed.

Kaufman, J., concurred.

DOOLING, J.—I concur in the judgment but for the sake of clarity it should be said that the theory of appellant is not that the deed was delivered to the mayor on his oral agreement that the land should be used for a city hall. Appellant's theory is that there was no legal delivery of the deed to the city council because the deed was given to the mayor with instructions only to deliver it to the council if the council "approved . . . that this was only deeded for a city hall." It is appellant's position that the mayor's action in giving the deed to the council without such official action by the council was in violation of these instructions and hence constituted no delivery, since "a delivery by the depositary contrary to the direction of the grantor does not pass title." (*Bilsland* v. *Kennedy*, 72 Cal.App.2d 23, 24 [163 P.2d 906].)

Appellant's difficulty is that the trial court found that the deed was delivered unconditionally. While appellant was the only witness to testify the possession of the deed by the city gives rise to an inference that it was duly delivered and the trial court was entitled to conclude that appellant's oral testimony did not rebut this inference. (*Hennelly* v. *Bank of America*, 102 Cal.App.2d 754 [228 P.2d 79]; *Miller* v. *Jansen*, 21 Cal.2d 473 and cases cited at p. 477 [132 P.2d 801].)

Appellants' petition for a hearing by the Supreme Court was denied February 24, 1955. Shenk, J., and Schauer, J., were of the opinion that the petition should be granted.