JUAN SERAPIO GONZÁLEZ MEDINA, ET AL., Plaintiffs and Appellees, *v.* SAN LUIS TRANSPORT COMPANY, INC., ET AL., Defendants and Appellants.

No. 11323. Argued December 1, 1954.—Decided January 31, 1955.

*Juan Enrique Géigel, Guillermo Silva* and *Hernán G. Pesquera* for appellants. *Felipe B. Montalvo* and *Otero Suro & Otero Suro* for appellees.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The San Luis Transport Co., Inc., a corporation, in 1948 was engaged in freight transportation. On April 10 of that year, about 4:30 p.m., a truck owned by that corporation, operated by chauffeur Luis Pérez Reyes, ran over Bienvenido González Soto, a young man 21 years old, on a public road leading from San Sebastián to the ward of Cibao, producing injuries which resulted in his death. His parents brought the present action for damages against the San Luis Transport Co., Inc., the Imperial Guarantee and Accident Insurance Company, and the Western Assurance Company, the latter two as insurers of the former's vehicles. They alleged in the complaint that the accident in question was due to the fault and negligence of chauffeur Luis Pérez Reyes, who was then an employee of San Luis Transport Co., Inc., acting in the course of his duties as such. In their answer, the defendants denied the essential facts of the complaint and alleged, as special defenses, that the defendants were not at fault or negligent if such accident did actually occur, but, on the contrary, that it was due to Bienvenido González Soto's fault or negligence, or to his contributory negligence.

Approximately four years after defendants' answer was filed, a pretrial conference was held at which the defendants also alleged as part of their theory "that Luis Pérez Reyes, the alleged driver of the vehicle at the time of the accident, was using the same without the authorization and consent of the owner of the vehicle, for his personal business and not for the owner of the vehicle," thereafter admitting,

among other facts, that the San Luis Transport Co., Inc. "was the owner of the truck described in the complaint when. the accident occurred," and that the truck was insured with the other codefendants.

The issue thus joined, the case went to trial and there- after the lower court rendered judgment for plaintiffs for the sum of $12,000, plus costs and $800 for attorney's fees, after making, inter alia, the following findings of fact:

"
 . . . . . . . .

"4.—GMC truck, license No. H–5564, owned by San Luis. Transport Co., Inc., was used on the date of the accident to haul. sugar cane belonging to different colonos from their respective farms to Central Soller, of Camuy, Puerto Rico.

"5.—On the day and hour of the accident in question, Luis. Pérez Reyes was an employee of San Luis Transport Co., which was engaged in the hauling of sugar cane of the Central Soller's colonos, although by agreement of the parties his salary was paid by Central Soller and charged by the latter to the corresponding colono, and afterwards deducted from the payment for that. service to San Luis Transport Co., Inc.

"6.—. . . . . . . .

"7.—On April 10, 1948, while Luis Pérez Reyes, acting as. employee of defendant San Luis Transport Co., Inc., was return- ing to Central Soller with the GMC truck, license No. H–5564, driving at an excessive speed and faster than is advisable on a slight grade, descending in a westerly-easterly direction, when he came to a bend in the road, through his fault and negligence, he ran over Bienvenido González Soto, who was walking in the same direction along his right-hand side on the outside edge of the road.

"8.—Bienvenido González Soto was pinioned under the truck wheels and died the same day from the contusions and injuries suffered.

"9.—A few days after the complaint herein was filed, that is, June 29, 1948, an agent of the defendant filed a complaint against Luis Pérez Reyes charging him with the theft of use of the GMC truck, license No. H–5564, of which he was acquitted by the Municipal Court of Camuy, P. R. Exhibit 1 of plaintiffs.

"10.—According to the witnesses of San Luis Transport Co., Inc., defendant herein, colono cane was received in the Central Soller until about 6 p.m. of the day of the accident—April 10, 1948. Since that day was Saturday, all cane cut by the colónos was received so that the Sunday sun would not dry it and affect its content.

"11.—According to those witnesses, it was customary, when a hauling truck was through with a colono, to assign it immediately to another colono who had cane gathered on his farm.

"12.—The delivery of the cane at the Central's steelyard was made by turns, namely, in the order occupied by the truck in the delivery line, and each turn could last two or more hours.

"13.—Notwithstanding the fact that the defendant requested and was allowed sufficient time to produce the records of cane deliveries on the day of the accident, it failed to produce such important records to establish its defense.

"14.—The court does not give credit to the defense that at the time of the accident chauffeur Luis Pérez Reyes had taken the truck of San Luis Transport Co., Inc., defendant herein, without its consent, and was using it for personal business and not for the defendant, concluding, on the contrary, that the said Luis Pérez Reyes was not yet through with his work and had not returned the truck, and was acting as an employee and within the scope and duties of his employment with San Luis Transport Co., Inc., defendant herein."

The defendants allege in this appeal that the trial court erred in holding (1) that at the time of the accident chauffeur Luis Pérez Reyes was in the performance of duties for his employer and within the scope of his employment; (2) that the said Luis Pérez Reyes was an employee of San Luis Transport Company, Inc., codefendant herein; and (3) in ordering the San Luis Transport Company, Inc. and the Imperial Guarantee and Accident Insurance Company, as insurer of the former, to pay the damages occasioned by the vehicle involved in the accident. We disagree. Once the defendants have admitted that the vehicle involved in the accident belonged to San Luis Transport Company, Inc., and it is further established that the same was a part of a.

venture, the presumption *juris tantum* arose that such vehicle was being operated by an employee of San Luis Transport Company, Inc., in the performance of his duties to the principal. *Sánchez* v. *Asiatic Petroleum Co.*, 40 P.R.R. 98; *Lotti* v. *The Charles McCormick Lumber Co.*, 51 P.R.R. 323. It was incumbent upon the defendants to overcome that presumption—*Acosta* v. *Crespo*, 70 P.R.R. 223, and *Vigio* v. *Cartagena*, 71 P.R.R. 665—and in our opinion they failed to do so. There is no controversy as to the fact that on the day of the accident chauffeur Luis Pérez Reyes was performing his duties at least until about 2 p. m., hauling cane to the Central Soller of Camuy. The defendants presented evidence in an attempt to prove that about noontime the driver collected his salary and left the Guajataca farm with the last load; that the truck operated by Pérez Reyes was seen in the patio of the Central one or two hours before the accident; that shortly before the accident Pérez Reyes was at a near-by place visiting a friend of his, and also that the truck was then unloaded. However, the record discloses that the salary collected on that Saturday by Pérez Reyes did not cover that day's work but only until the previous Wednesday. There is no evidence as to what he intended to do after 2 p. m. Although the defendants offered the testimony of the friend whom chauffeur Pérez Reyes visited shortly before the accident, the purpose of that call was not established. We do know that the accident occurred on a road leading to Central Soller. We know not how the truck left the Central, nor where it was going, nor what it was going to do. Pérez Reyes hauled cane from the colono farms as well as other materials when ordered to do so. Defendants failed to present evidence on the theft of the truck despite the fact that a complaint had been filed against the chauffeur charging such offense, which complaint contained the names of several witnesses, none of whom was used by the defendants. Moreover, the Central Soller

received colono cane until 6 p.m. of that day. A record is kept in the steelyard where the cane is weighed, which sets forth the driver's name, description of the truck, number of tons delivered, number of trips, delivery hours, etc. These records are kept by the Central and are available, as testified by Luis R. Marqués, witness for the defense. The defendants offered them as evidence, but never presented them.

These and other circumstances disclosed by the record were deemed sufficient by the trial court to disbelieve the defense that employee Luis Pérez Reyes was through with his duties as such employee when the accident occurred. We are not inclined to hold, under the circumstances here present, that appellants overcame the presumption that said employee was acting in the course of his employment.

■ The first error was not committed. Neither was the second. Appellants introduced evidence to prove that on the day of the accident Luis Pérez Reyes was an employee of Antonio Marqués Arbona and not of codefendant San Luis Transport Co., Inc. They endeavored to overcome thereby the presumption arising from the fact that the latter corporation is the owner of the vehicle which took the life of appellees' predecessor in interest. They sought to prove that the Marqués brothers and Antonio Marqués Arbona, colonos of the Central Soller, used the trucks of the San Luis Transport Co., Inc. for hauling their cane by paying to the latter 1 ½ ¢ per hundredweight of cane, and that the expenses of chauffeur, gasoline, and oil were defrayed by the Central and charged to the colono who contracted with the chauffeurs. However, the evidence offered by appellants tending to deny that Pérez Reyes was an employee of San Luis Transport Co., Inc., is contradictory. One of the witnesses testified that this corporation was engaged in the transportation of cane for the Marqués brothers. Another witness, Luis R .Marqués, testified that it was the San Luis Transport Co., Inc., which operated the trucks used to haul

the cane, and that the Marqués brothers advanced the money to pay the chauffeur, gasoline, and oil. This witness further testified that when the Marqués brothers used private trucks, they paid the owners 2 cents per hundredweight of cane, while the San Luis Transport Co., Inc. only paid 1 ½ cents per hundredweight considering that the advance—chauffeur's salary, gasoline, and oil—was paid by the colonos. Braulio González, another witness for appellants and a former co-worker of Luis Pérez Reyes, testified that the latter used to work for San Luis Transport Co., Inc.

This evidence conflicts with the remainder of the evidence presented by appellants seeking to overcome the presumption under consideration. If the evidence offered to overcome a presumption *juris tantum* is not clear, positive, and un-contradicted, the court is not required to accept it as true and is entitled to reject it as did the lower court in the instant case. It committed no error in so doing. See *Hennelly* v. *Bank of America Nat. Trust & Saving Ass'n.*, 228 P. 2d 79; *Montanya* v. *Brown*, 88 P. 2d 745; *William E. Harden, Inc.* v. *Harden*, 197 So. 94; *Falstaff Brewing Corporation* v. *Thompson*, 101 F. 2d 301.

 The foregoing disposes of the third error. Dismissing the theory that the truck operated by Pérez Reyes had been leased by San Luis Transport Co., Inc. to Antonio Marqués Arbona, the cases of *Hernández* v. *De Jesús*, 70 P.R.R. 1, and *Rodríguez* v. *Pérez*, 65 P.R.R. 644, are inapplicable.[1] On the other hand, in view of the contradictions in the evidence of defendants-appellants, as already pointed out, the case of *Comm'r of Education* v. *District Court*, 74 P.R.R. 306, cited by appellants, is also inapplicable.

The judgment appealed from will be affirmed.

---

[1] In these cases it was held that when a motor vehicle is leased, the lessor is not liable for damages caused by such vehicle while it is being driven by the lessee or by his agent, and it is not being used in connection with any business of the lessor and is not under his control.